[No. 15775.   Department Two.—December 21, 1894.]

# H. J. ZELLER, APPELLANT, *v.* JOHN F. JORDAN, EXECUTOR, ETC., ET AL., RESPONDENTS.

GIFT—SAVINGS BANK DEPOSIT—HUSBAND AND WIFE—CHECK PAYABLE AFTER DEATH OF WIFE.—The giving of a check by the wife to the husband, in consideration of love and affection, while the wife is living and well, with the understanding that the check is not to be used or presented until after her death, unaccompanied by the delivery of the pass-book representing the deposits, or of any order accompanying the pass-book, as required by the rules of the bank, is invalid; and the check cannot be paid after the death of the wife, but the money on deposit in the bank belongs to the estate of the deceased wife.

ID.—GIFT IN VIEW OF DEATH.—To constitute a gift in view of death the gift must be made in contemplation of the near approach of death by the donor, and under the apprehension of it by some present disease or some other impending peril.

ID.—GIFT INTER VIVOS.—A gift *inter vivos*, to be valid, must take effect at once, and there must be nothing remaining to be done essential to its validity.

ID.—GIFT IN FUTURO INVALID.—If an intended gift is to take effect in the future there is no gift, but only a promise to give; and a gift to take effect at the death of the donor is void.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*F. J. Castelhun,* for Appellant.

The execution and delivery by plaintiff's wife of an order upon the bank to pay her husband her bank account operated as an equitable assignment of the fund *pro tanto,* though not accepted. (*Wheatley* v. *Strobe,* 12 Cal. 92; 73 Am. Dec. 522; *Pierce* v. *Robinson,* 13 Cal. 116; *Pope* v. *Huth,* 14 Cal. 404; *Walling* v. *Miller,* 15 Cal. 38; *Wiggins* v. *McDonald,* 18 Cal. 126; *Bibend* v. *Liverpool etc. Life Ins. Co.,* 30 Cal. 79; *Hassie* v. *God is With Us Cong.,* 35 Cal. 378; *Bergson* v. *Builders' Ins. Co.,* 38 Cal. 541; *Silvey* v. *Hodgdon,* 52 Cal. 363; *Early* v. *Redwood City,* 57 Cal. 193.)

*Hepburn Wilkins, E. B. Martinelli,* and *W. S. Good-fellow,* for Respondents.

The check, if made, was invalid as a *donatio causa mortis,* because it was not made in the last illness of the maker. (*Daniel* v. *Smith,* 64 Cal. 349; *Dickeschild* v. *Exchange Bank,* 28 W. Va. 340; *Priester* v. *Priester,* Rich. Eq. Cas. 26; 23 Am. Dec. 191.) To constitute a gift *causa mortis* the donor must part with all dominion over the property, and the title must vest in the donee subject to the right of the donor at any time during his life to revoke the gift. (*Daniel* v. *Smith,* 64 Cal. 349; 75 Cal. 550; *Basket* v. *Hassell,* 107 U. S. 602; *Walter* v. *Ford,* 74 Mo. 195; 41 Am. Rep. 312; *Hall* v. *Howard,* Rice, 310; 33 Am. Dec. 115.) If the gift does not take effect as an executed and completed transfer to the donee during the life of the donor it is a testamentary disposition, good only when made by a valid will. (*Barnum* v. *Reed,* 136 Ill. 398; *Comer* v. *Comer,* 120 Ill. 420; *Walter* v. *Ford,* 74 Mo. 195; 41 Am. Rep. 312; *McCord* v. *McCord,* 77 Mo. 166; 46 Am. Rep. 9; *Gano* v. *Fisk,* 43 Ohio St. 462; 54 Am. Rep. 819.) An uncollected bank check is not a good *donatio causa mortis.* (*Conser* v. *Snowden,* 54 Md. 175; 39 Am. Rep. 368; *Tate* v. *Hilbert,* 2 Ves. Jr. 112; *Hewitt* v. *Kaye,* L. R. 6 Eq. Cas. 6; 32 Vict. 198; *Second Nat. Bank* v. *Williams,* 13 Mich. 282; 1 Parsons on Contracts, 5th ed., 237; *Raymond* v. *Sellick,* 10 Conn. 480; *Holley* v. *Adams,* 16 Vt. 206; 42 Am. Dec. 508; *Augustine Sav. Bank* v. *Fogg,* 82 Me. 538.) The alleged gift was revoked, as the evidence shows that the alleged donor lived for years after the check is claimed to have been made by her. (*Weston* v. *Hight,* 17 Me. 287; 35 Am. Dec. 250; *Priester* v. *Priester,* Rich. Eq. Cas. 26; 23 Am. Dec. 191; *Jane* v. *Murphy,* 31 Ill. App. 28; *Adams* v. *Nicholas,* 1 Miles, 90, 102, 103; *Wigle* v. *Wigle,* 6 Watts, 527; *Kirk* v. *McKusker,* 22 N. Y. Supp. 780; *Dougherty* v. *Moore,* 71 Md. 248; 17 Am. St. Rep. 524.) The check cannot be upheld as a gift *inter vivos,* for if it were regarded as not made conditional upon death, and as intended for a gift for the plaintiff,

yet, being without consideration, and never having been collected during the lifetime of the deceased, it operated only as a promise to make a gift, and could not be enforced, because it was not supported by a consideration. (*Simmons* v. *Cincinnati Savings and Loan Soc.*, 31 Ohio St. 457; 27 Am. Rep. 521; *Hewitt* v. *Kaye*, 6 Eq. Cas. 6; 32 Vict. 198; *Second Nat. Bank* v. *Williams*, 13 Mich. 282; 1 Parsons on Contracts, 5th ed., 234, 235; Morse on Banks and Banking, 302; *Appeal of Waynesburg College*, 111 Pa. St. 130; 56 Am. Rep. 252.) There was no equitable assignment of the fund, as it is essential, in order to constitute an equitable assignment, that all control over the fund must be surrendered. (*McIlhenny* v. *Binz*, 80 Tex. 1; 26 Am. St. Rep. 705; *Marine and Fire Ins. Bank* v. *Jancey*, 3 Sand. 257; *Murray* v. *Cannon*, 41 Md. 466; *Dougherty* v. *Moore*, 71 Md. 248; 17 Am. St. Rep. 524.) There can be no equitable assignment without a consideration. (*Priester* v. *Priester*, Rich. Eq. Cas. 26; 23 Am. Dec. 191; *Fink* v. *Cox*, 18 Johns. 145; 9 Am. Dec. 191; *Holley* v. *Adams*, 16 Vt. 206; 42 Am. Dec. 508.) To constitute a valid gift *inter vivos* the owner must be divested of and the drawee vested with the right of property in the subject of the gift. It must be absolute, irrevocable, and without any reference to its taking effect at some future period. The donor must deliver the property and part with all present and future dominion over it. (*Dickeschied* v. *Exchange Bank*, 28 W. Va. 340.) Courts of equity will not interfere to perfect a defective gift. It will not interfere in favor of a mere volunteer. (*Barnum* v. *Reed*, 136 Ill. 400; *Dougherty* v. *Moore*, 71 Md. 248; 17 Am. St. Rep. 524; *Raymond* v. *Sellich*, 10 Conn. 480; *Holley* v. *Adams*, 16 Vt. 206; 42 Am. Dec. 508; *Harris* v. *Clark*, 3 N. Y. 94; 51 Am. Dec. 352; *Badgley* v. *Votrain*, 68 Ill. 25; 18 Am. Rep. 541; Hill on Trustees, 83; *Martin* v. *Funk*, 75 N. Y. 134; 31 Am. Rep. 446.)

DE HAVEN, J.—Action to recover from the defendant, the German Savings and Loan Society, the sum of nine-

teen thousand eight hundred and seven dollars and seventy-four cents, deposited with said defendant by Sophia Steineke, who afterwards became the wife of plaintiff, and is now deceased. The defendant, Jordan, is the executor of the last will of the said Sophia, and is made a party to this action by reason of the fact that he claims said deposit as a part of the estate of his said testator. The superior court rendered judgment in his favor, and the plaintiff appeals.

The plaintiff alleges in his complaint that his deceased wife, in the month of January, 1886, " in consideration of the love and affection she had and bore unto plaintiff, and also for other good considerations her thereunto moving, made an assignment in writing" of her demand against the German Savings and Loan Society, arising out of the deposit before referred to, and that he "has ever since been, and still is, the lawful owner thereof, and of all accrued dividends thereon." The action was tried by the court without a jury, and the court found that the deceased never assigned to plaintiff, by way of gift or otherwise, her said demand against the German Savings and Loan Society; and the only question necessary to be considered on this appeal is whether this finding of the trial court is sustained by the evidence.

1. It appears from the evidence that the deceased wife of plaintiff was subject to epilepsy, and died in March, 1893. The immediate cause of her death is not shown. There was also evidence tending to prove that some time between the years 1883 and 1886 she signed and delivered to the plaintiff an undated check drawn by her in his favor on the German Savings and Loan Society for the sum of nineteen thousand eight hundred and seven dollars and twenty-four cents, with interest, and to be charged to her account as a depositor with that bank. The pass-book representing the deposits so drawn against was not delivered to plaintiff, and under the rules of the said defendant bank, which were printed in the said pass-book, deposits entered therein could only be

withdrawn by an order accompanying the pass-book. The plaintiff was the only witness examined in relation to the making of the check, and he testified that at the time it was signed and delivered his wife was not confined to her bed, and was well; and further said: "The check was given to me in consideration of love and affection. That was the reason for getting it. That was the only consideration; it was the understanding between me and my wife, at the time this check was signed, that I would not use the check or present it until after her death, and nothing was to be done with it until after my wife died. I was not to touch any thing in that book of that money until after my wife's death." The check was not presented to the defendant bank until some time after the death of plaintiff's wife.

It is clear to us that under this evidence the finding of the court, that there was no completed gift or assignment to plaintiff of the fund in controversy, must be sustained. We do not find it necessary to pass upon the question whether a bank check uncollected and unpresented in the lifetime of the drawer and unaccompanied by a delivery of the pass-book, which, under the depositor's contract, must be presented with the order for a withdrawal of the deposit, is effectual as a *donatio causa mortis.* There was here nothing in the nature of such a gift. "A gift in view of death is one which is made in contemplation of the fear or peril of death, and with intent that it shall take effect only in case of the death of the giver." (Civ. Code, sec. 1149.) "To constitute a *donatio causa mortis* the gift must be made in contemplation of the near approach of death by the donor." (*Daniel v. Smith,* 64 Cal. 349.) In some cases it is said: "The rule of law in such cases of gifts made in prospect of death demands for their validity that the proof shall show the existence of a bodily disorder, or of an illness which imperils the donor's life, and which eventually terminates it." (*Williams v. Guile,* 117 N. Y. 349.) But perhaps the law upon this point is more accurately stated in *Ridden v. Thrall,* 125 N. Y. 579, 21 Am. St.

Rep. 758, as follows: " The gift must be made under the apprehension of death from some present disease, or some other impending peril, and it becomes void by recovery from the disease or escape from the peril.     It is also revocable at any time by the donor, and becomes void by the death of the donee in the lifetime of the donor."     The evidence here entirely fails to show that the deceased delivered the check referred to under any belief or apprehension of the peril of death from any existing disease, or other impending peril, and for this reason its delivery cannot be sustained as a gift in view of death.     "A gift *mortis causa,* made while the donor is in full health, or while suffering from a disease that in reasonable expectation will not produce death in the near future, is invalid.     Thus a deposit made in a bank while the donor was in full health or medium health, 'payable also to A in case of the death of' the donor, was held to be an invalid gift."     (Thornton on Gifts and Advancements, sec. 28.)

2. And the evidence also fails to show a gift *inter vivos.*     "A gift *inter vivos* to be valid must take effect at once, and there must be nothing to be done essential to the validity; and, if it is to take effect in the future there is no gift, but only a promise to give.     So a gift to take effect at the death of the donor is void."     (Thornton on Gifts and Advancements, sec. 76.)     In other words, to constitute such a gift there must be an immediate transfer of the title, and the donor must relinquish all present right to or control over the thing given; while in the case before us the wife retained her dominion over the fund against which the check was drawn, and the check was delivered to the plaintiff under an agreement that he was not to use or present it until after her death.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.