[Sac. No. 1345. Department Two.—February 6, 1905.]

WALTER DEMARTINI, Special Administrator, etc., of Gerolomo De Martini, Deceased, Respondent, v. G. AL-LEGRETTI, et al., Respondents; and ANNA BASSO, Administratrix, etc., of Luigi Demartini, Deceased, et al., Appellants; GIOVANNI DEMARTINI et al., Interveners, Respondents.

ESTATES OF DECEASED PERSONS—VOID WILL—RECOVERY OF ASSETS BY ADMINISTRATOR.—An instrument reciting that a sum of money has been placed in the hands of two persons to keep, care for, and

invest the same for him in case of the death of the party executing it, and providing for the disposition thereof by them in certain sums to persons named, or the survivors of them, after his death, vested no present interest in such persons, but is testamentary in its character, and is void where not executed according to the statute of wills. In the event of his death his administrator may recover such sums of money as assets of his estate.

ID.—STATUTE OF LIMITATIONS INAPPLICABLE.—Where the action by the administrator was brought within two months after the death of the party executing the instrument the statute of limitations is inapplicable thereto, and the lapse of time from the date of the instrument is immaterial.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. F. H. Smith, Judge.

The facts are stated in the opinion of the court.

Joseph F. Cavagnaro, and Budd & Thompson, for Appellants.

John O'Gara, for Plaintiff, Respondent.

W. J. De Martini, and John O'Gara, for Interveners, Respondents.

Solinsky & Wehe, F. J. Fallon, C. K. Bonestell, and Nicol & Orr, for other Respondents.

McFARLAND, J.—This is an action by the administrator of the estate of Gerolomo Demartini, deceased, to recover of the defendants G. Allegretti and G. B. De Martini certain money alleged to be the property of said estate in the hands of said defendants. Those two defendants in their answer admit the possession of the money and that they received it from the deceased, and aver their desire and readiness to pay it to whomsoever it belongs; but they say that certain other defendants named in the complaint assert ownership of said money and they ask the court to determine to whom it should be paid. Other defendants claim to be entitled to the money by virtue of a certain written instrument hereinafter set forth, executed by the deceased on the twentieth day of October, 1896, and bearing that date. There were also

certain additional defendants and interveners in the case who are heirs at law of the deceased, and who joined with plaintiff in claiming what is sought by the complaint. The court found that the money involved is the money of the estate, and rendered judgment accordingly for plaintiff. The said defendants, who claim under said instrument of October 20, 1896, and who filed a cross-complaint, appeal from the judgment and from an order denying their motion for a new trial.

The material facts in the case are these: In May, 1895, the deceased had about five thousand dollars deposited in some of the savings banks of Stockton which was not bringing much interest, and on the 23d of that month he drew the money from the banks and gave it to the defendants G. Allegretti and G. B. Demartini for the purpose of having them invest it for him so that it might produce a better income. They took the money and very successfully invested it for him in mortgages, taking the mortgages in their own name. They gave him from time to time whatever of the money he wanted. While this condition of affairs existed, the deceased, on October 20, 1896, made and delivered to them the written instrument under which appellants claim and which is as follows:—

"STOCKTON, CAL., October 20, 1896.

"Messrs. G. Allegretti and G. B. Demartini (or the survivor of yourselves), Stockton, Cal.

"Having placed in your hands the sum of five thousand two hundred ($5200.00) dollars, gold coin, to keep, care for and invest for me in your names until the date of my death, I now hereby direct you as to the disposal of said sum of money in the event of my death.

"At the time of my death or as soon thereafter as possible, pay the expenses of my last sickness and all the expenses of the burial of my body; retain for yourself a reasonable amount for your services and expenses in the care and investment of said sum of money; after which is done, pay to Luigi Demartini, my brother, the sum of one thousand ($1000.00) dollars gold coin; to Maria Demartini, wife of Fillipi Demartini, the sum of one hundred ($100.00) dollars U. S. gold coin; and Guistina Demartini, daughter of Fillipi Demartini, the sum of ($50) dollars U. S. gold coin, and the remainder

of said sum of money, pay to Giovanni Demartini (son of Guiseppi Demartini, Davidie Demartini (son of Guiseppi Demartini), and Giovanni De Martini (son of Paule Demartini), share and share alike, in U. S. gold coin.

"In the event of the death of Maria Demartini or Guistina Demartini, before my death, the sum directed to be paid to her, shall be paid to the survivor of them.

"And in the event of the death of either or any of the said Luigi, Giovanni, Davidie and Giovanni Demartini (before my death) the sum or sums hereby directed to be paid to him or them, shall be paid to the survivors of said last named beneficiaries, share and share alike, that is, divided equally amongst them.

"In the event of the death of G. Allegretti or G. B. Demartini, then I direct that the survivor of them shall carry out my desires and wishes aforesaid.     Your friend,

his

"[Signed]   GERALOMO X DEMARTINI.

mark

"Witness to mark of Geralomo Demartini,

"E. L. Wilhoit,

"Geo. E. Wilhoit."

After the giving of this instrument the same condition of affairs continued until the death of the deceased, which occurred on the 19th day of February, 1902. They continued to give him whatever of the money he wanted, and had given him at the time of his death nearly one thousand dollars. The deceased lived up in the mountain region, and the defendant Allegretti on the witness-stand said: "Geralomo used to come down himself and we paid money to him, and sometimes he wrote from the mountains and we sent it up. The payments were made as set forth in our answer.—Q. Was there at any time any limit placed upon the amount he should draw?—A. There was no limit at all; he can draw it all." He testified further as follows: "Q. For whose use and benefit were you investing and keeping that money?—A. Mr. Demartini.—Q. Which Demartini?—A. Geralomo Demartini." He also testified that the deceased made the instrument of October 20th to get rid of the necessity of probate proceedings. The foregoing was substantially all the evidence in the

case.  There was no question as to the correctness of the account rendered by said two defendants, or as to the amount of money left in their hands.

The appellants contend that by the said instrument of October 20, 1896, an interest in the money vested in appellants *in præsenti*, although the enjoyment was postponed until after the death of the deceased; while respondents contend that the instrument was not intended to pass, and did not pass, any present interest from the deceased to the appellants, but was only an attempt to make a disposition of the property to take effect after his death, which he could only have done by a properly executed will.  Counsel on each side have argued the case with ability and learning, and have quoted and commented upon many leading authorities relating to the question; but we do not think that it would serve any useful purpose to review those authorities here.  Each case cited depended upon its particular facts, and there is not much variance in the authorities as to the general principles of law applicable.  It is sufficient for us to say what, in our opinion, is the legal effect of the particular facts in the case at bar with respect to the question here involved; and we think that the contention of respondent and the conclusion reached by the court below as to this question are right.  The "surrounding circumstances" shown by the evidence certainly give no aid to appellants' contention.  And looking alone at the instrument in question there is nothing to be seen in it which gives to appellants any present vested interest or estate in the property in contest.  It merely gives direction to Allegretti and G. B. Demartini that, in the event of the death of the deceased, they shall then give whatever of his money they may still have in their hands to the appellants.  Nothing is given them before the event of his death.  This direction had no effect before his death, and it could not have effect after that event, for a disposition of property to take effect after death can be made only by an instrument executed in accordance with the statute of wills.  The instrument from beginning to end is, on its face, clearly and entirely testamentary in character.

Appellants plead the statute of limitations.  The action was commenced within two months after the death of the deceased, and we are unable to see any ground whatever for claiming

that the action was barred as to appellants by any provision of the statute of limitations.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.