[L. A. No. 3276.   Department Two.—October 2, 1914.]

## MELINDA CLEMENS NICCOLLS et al., Appellants, v. FRANCES NICCOLLS et al., Respondents.

TRUST—CREATION TO TAKE EFFECT UPON DEATH OF GRANTOR—NECESSITY OF PASSING OF PRESENT INTEREST.—While it is competent to create a trust which shall take effect after the death of the trustor, nevertheless there must be some interest or estate which passes at the time of the execution of the instrument.

ID.—ATTEMPTED TRUST TO TAKE EFFECT UPON DEATH OF HUSBAND—TESTAMENTARY CHARACTER OF INSTRUMENT.—A deed executed by a husband and wife and reciting "that the said trustors, by these presents, to take effect only upon the death of said R. N., one of said trustors, sell, assign, transfer and confirm unto the said trustees, in joint tenancy, and to the survivor of them and their successors and assigns, all our property of every kind and nature, both real and personal, that we may have and own at the time of the death of the said R. N.," conveys no present interest in the property of the trustors, but seeks to postpone not merely the taking effect of the trust, but also the passing of the interest of the trustors, to a time subsequent to the death of one of them.   The instrument is testamentary in character and is of no effect for the erection of a trust.

ID.—ESTOPPEL TO DENY TRUST—VOID INSTRUMENT.—Such instrument being void, no trust in the property of the deceased trustor can arise by the conduct of his supposed trustee nor of his supposed cotrustor.

APPEAL from a judgment of the Superior Court of San Diego County.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Mills & O'Farrell, W. J. Mossholder, Marks P. Mossholder, and Edward O'Bryan, for Appellants.

Luce & Luce, and Wadham & Cosgrove, for Respondents.

MELVIN, J.—The plaintiffs filed their complaint wherein they asked that the defendants be compelled to recognize the validity of a certain trust-deed and to be governed by its provisions. A general demurrer to the complaint was sustained without leave to amend, and from the judgment entered for defendants plaintiffs appeal.

It is alleged that Rogers was the administrator of the estate of Eben Smith Niccolls, deceased; that plaintiff, Melinda Clemens Niccolls is the widow of said Eben Smith Niccolls; that the other plaintiffs are surviving children of said decedent and are his heirs at law; that Rogers resigned as administrator of the Eben S. Niccolls estate and Layne was appointed his successor; that on April 13, 1907, and from thence to the date of his death, November 4, 1909, one Robert Niccolls, an uncle of Eben S. Niccolls, was seized in fee simple of certain tracts of real estate, descriptions of which are fully set forth in the complaint; that during said period Robert Niccolls was possessed also of a large amount of personal property, which is also described; that Frances Niccolls is the widow of Robert and was his wife at the time of the execution of a certain purported deed of trust which is set forth in full in the complaint. The said deed by its terms seeks to create a trust to take effect upon the death of Robert Niccolls in favor of Frances Niccolls, his widow, and it also provides that upon her death the property shall be distributed to certain beneficiaries, Eben S. Niccolls being named as one of them. It is principally upon the terms of this deed of trust, so called, that plaintiffs base their supposed cause of action. The complaint contains averments that Robert and Frances Niccolls duly acknowledged the trust-deed of April 13, 1907; that the executed instrument was afterwards delivered to Eben Smith Niccolls by the trustors in escrow to be delivered according to its terms to the trustees, Thorp, Weldon, and Rogers; that after the death of Robert Niccolls in 1909, Eben Smith Niccolls delivered the deed to Rogers, who in writing accepted the trust declared therein; that Thorp had predeceased the trustor Robert Niccolls and Weldon refused to act; that Rogers took charge of all of Robert's property, recorded the deed, and proceeded to carry out its terms, but that subsequently, in collusion with Frances Niccolls, the surviving trustor, he caused himself, on her petition and his own, to be appointed administrator of the

estate of Robert Niccolls, deceased, since which time they have refused to perform their duties under the trust-deed or to recognize its validity. It is further set forth that Robert Niccolls left no children, and no father nor mother surviving him.

By the first paragraph of the trust-deed the trustors, Robert and Frances Niccolls, reserve the right to revoke or modify the said deed at any time during Robert's life. The second paragraph is as follows:

"That the said Trustors by these presents, to take effect only upon the death of said Robert Niccolls, one of said Trustors, sell, assign, transfer, and confirm unto the said Trustees, in joint tenancy, and to the survivor of them and their successors and assigns, all our property of every kind and nature, both real and personal, *that we may have and own at the time of the death of the said Robert Niccolls,* one of said Trustors, to HAVE AND TO HOLD the same unto the said Trustees as joint tenants and not as tenants in common with the right of survivorship, and to their successors and assigns, in TRUST and CONFIDENCE, nevertheless for the purposes hereinafter expressed."

Clearly this did not convey any present interest in the property of the trustors. It only related to the property which they should possess at the time of the death of Robert. It purported to convey no interest in any property owned by them at the date of its execution, and the mere fact that they possessed the same property then which was theirs when Robert Niccolls died, is a coincidence which in no manner alters the purport or effect of the instrument. While it is competent to create a trust which shall take effect after the death of a grantor, nevertheless there must be some interest or estate which passes at the time of the execution of the deed. In the recent case of *Tennant* v. *John Tennant Memorial Home,* 167 Cal. 577, [140 Pac. 246], this court had occasion to reaffirm the rule for determining whether or not a given instrument is testamentary in character, and in that behalf the following language was quoted from *Nichols* v. *Emery,* 109 Cal. 329, [50 Am. St. Rep. 43, 41 Pac. 1089]: "The essential characteristic of an instrument testamentary in its nature is, that it operates only upon and by reason of the death of the maker. Up to that time it is ambulatory. By its execution

the maker has parted with no rights and divested himself of no modicum of his estate, and *per contra* no rights have accrued to and no estate has vested in any other person. The death of the maker establishes for the first time the character of the instrument. It at once ceases to be ambulatory, it acquires a fixed *status,* and operates as a conveyance of title. Its admission to probate is merely a judicial declaration of that *status.* On the other hand, to the creation of a valid express trust, it is essential that some estate or interest should be conveyed to the trustee, and, when the instrument creating the trust is other than a will, that estate or interest must pass immediately. By such a trust, therefore, something of the settlor's interest has passed from him and into the trustee for the benefit of the *cestui,* and this transfer of interest is a present one and in nowise dependent upon the settlor's death. But it is important to note the distinction between the interest transferred and the enjoyment of that interest. The enjoyment of the *cestui* may be made to commence in the future and to depend for its commencement upon the termination of an existing life or lives or of an intermediate estate.'' Measuring the trust-deed by this rule we cannot escape the conclusion that it sought to postpone not merely the date of the taking effect of the trust, but also the passing of the interest of the so-called trustors to a time subsequent to the death of one of them. There was no attempt by words of description or otherwise to make the trust apply to the property owned by Robert and Frances Niccolls when the deed was executed. The words ''that we may have and own at the time of the death of the said Robert Niccolls'' are not ambiguous. They seek to specify a future event,—namely, the death of the said Robert Niccolls, as the time for the creation of the trust estate. Such an instrument is clearly testamentary in its character, and is of no effect for the erection of a trust.

Appellants seek to make the further point that under the allegations of their pleading, defendant Rogers is estopped by his conduct and Frances Niccolls is estopped by her concurrence therein, from denying the efficacy of the trust-deed; but no conduct could give vitality to a void instrument. The only interest in the property asserted by plaintiffs is one alleged to have been created in favor of Eben S. Niccolls by the deed of trust. That instrument being void, no trust in

the property of the deceased Robert Niccolls may arise by the conduct of his supposed trustee nor of his alleged cotrustor. The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.