[L. A. No. 10528.  In Bank.—June 21, 1929.]

In the Matter of the Estate of GEORGE T. HEULER, Deceased.  CHRISTINA  HEULER, Appellant,  v. GEORGE E. HEULER, Respondent.

Merriam, Rinehart & Merriam for Appellant.

Horace S. Wilson and Constan Jensen for Respondent.

LANGDON, J.—This is an appeal by Christina Heuler, wife of deceased, from an order admitting to probate as the last will of George T. Heuler, deceased, a certain document in the handwriting of George T. Heuler, deceased, which reads as follows:

"Marriage Contract.

"The following agreement between George T. Heuler, on the one part, and Christina Wagner on the other part, was executed on Monday, the 4th day of January, 1909. George T. Heuler is entering the state of matrimony on Tuesday the 5th day of January, 1909, after this mutual and legally witnessed agreement. If George T. Heuler departs from this life first, so shall Christina Wagner receive her legal third share only under the following conditions. After an honest, conservative estimate shall the third part of my estate be converted into cash and given over to a trust company where Christina Wagner may draw the interest thereof after six months until the end of her life.

"The other two-thirds shall be divided equally among my three children of my first marriage, or their heirs, or their survivors. Also shall my three children George, Leo, Erna after the death of the above mentioned Christina Wagner receive the above mentioned capital.

"If, on the other hand Christina Wagner departs from this life before George T. Heuler so shall George T. Heuler, her husband inherit all moveable property which she now owns, or shall own, without reservation, without interference from her relatives.

"(Signed) GEORGE T. HEULER.
"CHRISTINA WAGNER."

The only question upon the appeal is whether or not deceased intended this document as a testamentary one.

It is difficult to cite cases which may serve as precedents, as each case is decided upon its own peculiar facts, and there is a wide variety in the surrounding facts and circumstances of each case. The governing inquiry, of course, is as to the

intention of the deceased. We think the language of the foregoing instrument clearly indicates testamentary intent, and that the surrounding facts and circumstances in evidence suggest that the deceased, at the time he wrote out the foregoing document in his own handwriting, intended to dispose of his property after his death. The document disposes of all of deceased's property, leaving it, ultimately, to his children and their descendants. These children were the issue of a first marriage. That marriage and a second marriage of Heuler had resulted in a divorce, and he was about to enter upon his third marriage with appellant here at the time the foregoing document was executed. He made a reasonable provision for his third wife in the event of his death by giving her a life interest in the income from one-third of his estate. He not only provided for his children after his death, but mailed a copy of the document involved here to each of these children. The document was signed by the woman who was to be his wife, thus showing her acquiescence, which, however, is immaterial. ▮ The only fact in the instant case which would seem to justify the position of appellant that the document set forth herein is not a will is that years after the execution of this so-called ''marriage contract'' the deceased attempted to make a will leaving to his wife a life interest in all his property, while by the ''marriage contract'' she had been given a life interest in but one-third of the property. This later document was ineffective because of defective execution. However, even this circumstance, when considered with all the attendant conditions, does not make the holding of the trial court erroneous. Indeed, it seems but a natural occurrence and entirely consistent with the view that the earlier document was intended as a testamentary disposition of the property of deceased. It will be remembered that deceased had entered into two prior marriages, both of which had resulted disastrously. He was about to make a third venture in matrimony. He was nearly sixty years old and had three children of his first marriage. He wished to provide for these children and also to make some provision for his wife. He entered into a testamentary disposition of his property to meet these desires, and the wife agreed to this. Later, after over fifteen years of married life and after educating one of his sons as a physician and after a

quarrel with the husband of his daughter, all of which appears from the language of the will defectively executed or from the testimony in the record, he changed his views as to what was an equitable distribution of his property and attempted to give his wife a life interest in all the property and the balance to be divided among his children, with the exception of the son, whom he had sent to college, and he assigned as a reason for his exclusion the fact that he had received his share in the expense of his education. It seems clear to us that the deceased made a will, the document under consideration here, upon entering into his marriage with the appellant. Later, he attempted to make another will by which she would have received a larger share of his estate. This second will would have been, perhaps, a more equitable distribution of his property, but that problem is not before us. The decedent, having executed one testamentary disposition of his property, this court is bound by the terms thereof in the absence of a legal revocation thereof. In this case, a revocation was attempted by drawing a new will, but, unfortunately, that attempt failed to comply with the statute and so had no force and effect. The law requires, then, that the earlier disposition of the property be given effect.

The judgment is affirmed.

Richards, J., Seawell, J., Shenk, J., Waste, C. J., Curtis, J., and Preston, J., concurred.