[Civ. No. 1662.   Fourth Appellate District.—December 17, 1936.]

In the Matter of the Estate of J. W. McEUEN, Deceased. ELEANOR R. LAYTON, Respondent, v. A. R. McEUEN et al., Appellants.

Walter C. Davison for Appellants.

No appearance for Respondent.

MARKS, J.—This is an appeal from an order requiring the executrix of the last will and testament of J. W. McEuen, deceased, to convey to Eleanor R. Layton real property belonging to the estate under the terms of a written contract of purchase and sale. No briefs have been filed and no appearance made on behalf of respondent.

The record discloses that during his lifetime deceased owned a house and lot in the city of Riverside. On May 8, 1934, he entered into a written contract with Eleanor R. Layton whereby he agreed to sell this property to her for $1,000, payable $10 on May 8, 1934, $10 on July 1, 1934,

and $10 on the first day of each month thereafter until the purchase price, with interest at the rate of seven per cent per annum, be paid. During September, 1934, petitioner, at the request of deceased and in his presence, wrote in the body of the contract the following clause:

"In the event of my death the property is to be hers (Eleanor R. Layton's) without further payment."

Petitioner continued the payments until October 24, 1934, the date of decedent's death. On October 26, 1935, petitioner filed her petition for an order directing the executrix to convey the property to her. At the time of the death of deceased there was unpaid on the purchase price $982.10, and $1,058.09 at the time of the hearing of the petition. She had not paid, nor did she tender or offer to pay, the unpaid balance of the purchase price of the property. Her petition was granted and this appeal followed.

The question presented is the nature of the clause interpolated into the contract of sale. It certainly is not a valid testamentary disposition of property because it was not executed with any of the formalities necessary to the legality of such documents. (Secs. 50, 53, Probate Code.) It was not a gift. As was said in *Zeller* v. *Jordan,* 105 Cal. 143 [38 Pac. 640]:

"And the evidence also fails to show a gift *inter vivos.* 'A gift *inter vivos* to be valid must take effect at once, and there must be nothing to be done essential to the validity; and, if it is to take effect in the future there is no gift, but only a promise to give. So a gift to take effect at the death of the donor is void.' (Thornton on Gifts and Advancements, sec. 76.) In other words, to constitute such a gift there must be an immediate transfer of the title, and the donor must relinquish all present right to or control over the thing given."

The quoted clause which was written into the contract shows that the deceased did not intend to immediately part with title to the property and vest that title in petitioner. It shows an intention to vest title in her after his death. In that respect it is an attempted testamentary disposition of property which must fail because it was not duly executed. It added nothing to the formal contract of purchase, and if petitioner desires to enforce her contract she must perform

her obligations under it if her rights have not been forfeited because of her failure to make the payments as they accrued. The order is reversed.

Barnard, P. J., and Jennings, J., concurred.