## ROBINSON'S WOMEN'S APPAREL, Inc., v. UNION BANK & TRUST CO. OF LOS ANGELES et al.

District Court, S. D. New York.

Aug. 30, 1946.

Poletti, Diamond, Rabin, Freidin & Mackay, of New York City (Alfred B. Nathan, of New York City, of counsel), for plaintiff.

Burke & Burke, of New York City (J. Frederic Taylor and Coleman Burke, both of New York City, of counsel), for defendant.

RIFKIND, District Judge.

The agreement between plaintiff, as buyer, and Joseph Haft, as seller, provided that, in the event of a named contingency, the price, or the unpaid balance thereof, shall be paid to a third party, Abby Joy Haft. Were the agreement so drawn that the named contingency were the marriage of Abby Joy Haft or the death of a stranger to the contract, there is no question but that under California law the third party beneficiary could, upon the occurrence of the contingency, enforce the contract according to its terms. Section 1559 of the Civil Code of California provides that "A contract, made expressly for the benefit of a third person, may be enforced by him at any time * * *."

No authority has been called to my attention which limits the application of this general language to creditor-beneficiaries to the exclusion of donee-beneficiaries.

The contingency named in the contract under examination is the death of the seller. That, it is asserted, renders the agreement testamentary in character and invalid because it fails to comply with the Statute of Wills. Clearly, however, the mere fact that the death of one of the parties to a contract is designated as the contingency upon which a promise turns is not alone sufficient to subject such an agreement to the Statute of Wills. Were that the rule, life insurance contracts, where the insurance is payable to a beneficiary other than the estate of the insured, would be subject to the Statute of Wills. To call insurance contracts, "sui juris" does not really meet the issue.

But it is unnecessary to pursue the argument. The California authorities by which this court is bound leave little room for doubt that the instant agreement is en-

forcible at the instance of the third party beneficiary, the contingency which conditions her rights having occurred.

In Bergman v. Ornbaun, 1939, 33 Cal. App.2d 680, 92 P.2d 654, plaintiff had given his promissory note, payable in installments and secured by a deed of trust, in payment for real estate conveyed to plaintiff by the payee of the note. Plaintiff and payee had agreed, in writing, that if the payee died before all the installments were paid, the unpaid balance, if not in default, was cancelled. The payee died while most of the installments were unpaid and the note was not in default. The maker sued for the cancellation of the note. The court rejected the contention that the agreement was testamentary in character and ordered enforcement of the agreement according to its terms. See, also, Tennant v. John Tennant Memorial Home, 1914, 167 Cal. 570, 140 P. 242.

Patterson v. Chapman, 1918, 179 Cal. 203, 176 P. 37, 2 A.L.R. 1467, sustained as a contract an instrument bearing a much closer resemblance to a testamentary disposition than the agreement in issue. In that case the deceased executed and delivered to plaintiff an instrument which read: "For value received I hereby instruct the administrator of my estate to pay to Miss Etta Patterson ' * * * the sum of fifty thousand dollars, within one year from the date of my death—or two years at the least. * * * I desire this request and order to be carried out promptly and without question of any kind." See, also, Pitzer v. Wedel, 1946, 73 Cal.App.2d 86, 165 P.2d 971; and, under Colorado law, Mutual Benefit Life Insurance Co. v. Ellis, 2 Cir., 1942, 125 F.2d 127, 138 A.L.R. 1478, certiorari denied Eisenlord v. Ellis, 316 U. S. 665, 62 S.Ct. 945, 86 L.Ed. 1741.

Defendant, Union Bank and Trust Company, Administrator with the will annexed, in denying the enforcibility of the agreement, relies upon Demartini v. Allegretti, 1905, 146 Cal. 214, 79 P. 871; Noble v. Garden, 1905, 146 Cal. 225, 79 P. 883; Noble v. Learned, 1908, 153 Cal. 245, 94 P. 1047; Mutual Benefit Life Ins. Co. v. Clark, 1927, 81 Cal.App. 546, 254 P. 306; Estate of McEuen's 1936, 18 Cal.App.2d 180, 63 P.2d 332.

The short answer to all these cases is that in none of them was there a contractual right asserted either by a party to a contract or by a third party beneficiary.

McCarthy v. Pieret, 1939, 281 N.Y. 407, 24 N.E.2d 102, rearg. den. 282 N.Y. 800, was decided under New York and not California law and has been criticized by the Circuit Court of Appeals of the Second Circuit in Mutual Benefit Life Insurance Co. v. Ellis, supra, 125 F.2d at page 130. And, see also, 53 Harvard Law Review (1940) 1060; 51 Yale Law Journal (1941) 1, 30. Other cases cited by defendant are not in point.

█ I attach no significance to the fact that by his will the seller bequeathed the unpaid balance of the purchase price in trust for the beneficiary named in the agreement. That does not establish a testamentary intent in the making of the agreement. The will was made at a time subsequent to the making of the agreement. It confirmed the testator's intention to benefit the third party beneficiary. It may well be that he intended that she take under the will, in the event the contract failed. It throws no light on the construction of the agreement.

Under California law, I see no reason why the agreement should be treated as testamentary in character. Since compliance with the Statute of Wills is, therefore, dispensed with, there is no obstacle to enforcement of the agreement according to its terms.