[L. A. No. 19838.   In Bank.   Feb. 3, 1948.]

Estate of GEORGE EDWARD HOWE, Deceased.   JOHN
C. NETZ, as Executor, etc., Petitioner and Respondent,
v. MYRA B. HOWE, Appellant; ALVIN LANGDON
COBURN, Legatee and Respondent.

Hugh Gordon, Sanford A. Waugh, Powers & Bernard and W. A. Strong for Appellant.

Charles E. Beardsley and S. T. Hankey for Respondents.

EDMONDS, J.—In 1928, John C. Netz, then the manager of the plumbing business owned by George E. Howe, entered into an agreement in writing whereby Netz agreed to continue as such manager. Among other obligations of this contract, is a provision that if Netz survived Howe, Netz should have the business as additional compensation for his services. Following the death of Howe, his widow challenged the validity of this disposition of her husband's business, and upon her appeal from an adverse order, the principal question for decision is whether or not the contract violates the requirements in regard to the testamentary disposition of property.

The agreement declares that Howe "employs" Netz as the manager of his business, and it specifies certain amounts to be paid to him as compensation for his services. The provision which occasioned the present controversy reads as follows: "(f) Should . . . [Howe] die or become incapacitated as hereinafter provided, during the continuance of this contract, or its extension, then . . . [Netz] shall have as additional compensation for his said services, rendered prior to the death or incapacitation of . . . [Howe], the entire hardware, plumbing and heating business, now conducted by said . . . [Howe] under the name of Howe Bros. . . ."

As the executor of Howe's estate, following the procedure authorized by section 588 of the Probate Code, Netz filed a petition for instructions, asking for a determination in regard to the ownership of the business. Mrs. Howe presented objections to the executor's petition which were stated in the form of a general demurrer. The court held that the agreement of

1928 is valid, that the business belongs to Netz, individually, and should not be included in the assets of the estate. The appeal is from this order.

The widow's contention upon appeal, as in the probate court, is that the contract of 1928 is an invalid testamentary disposition of the business. She argues that, at the time the agreement was executed, Howe did not intend to transfer a present interest in the business to Netz and, in effect, the provision in question constitutes a gift to take effect upon Howe's death. In support of the order, Netz argues that the contract is not testamentary in character; that consideration passed between the parties; and that the agreement is neither invalid nor unenforceable merely because the receipt and enjoyment of part of the consideration was deferred until the death or disability of Howe.

Although no question has been raised by the parties concerning the jurisdiction of the probate court to determine, as between Netz and the estate of Howe, the ownership of the business, when this matter was before the district court of appeal, the order was reversed upon the ground that the probate court was without power to try an issue of title upon a petition for instructions. (*Estate of Howe,* (Cal.App.) 183 P.2d 24.) However, section 588 of the Probate Code provides: ''In all cases where no other or different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof.'' There is no express statutory procedure for determining an issue of title as between an executor and the estate which he is administering. The fact that such an issue may be tried upon the hearing of objections to the settlement of the executor's account does not foreclose the use of a petition for instructions for the purpose of obtaining an adjudication in regard to the ownership of property. The probate court, therefore, had jurisdiction to entertain the petition of Netz and to determine the issues presented by it and the objections of the widow filed in response thereto.

Considering the merits of the controversy, an instrument which does not pass any interest until after the death of the maker is essentially a will. (*Estate of Beffa,* 54 Cal.App.

186 [201 P. 616].) ██ But not every instrument which provides for performance at or after death is testamentary in character. If the instrument creates a right in the promisee before the death of the testator, it is a contract. "A will is dispositive; a contract promissory. A will is gratuitous; while a contract . . . requires consideration." (1 Page on Wills, Lifetime Ed., § 83, p. 179.)

A leading case on the subject is *Patterson* v. *Chapman,* 179 Cal. 203 [176 P. 37, 2 A.L.R. 1467]. There the decedent had executed a document instructing the administrator of his estate to pay Chapman $50,000 within one year of his death, plus interest, and further providing that it might be paid in real estate or other property, if cash was not available. The instrument included the recital that the payment was "for value received." In holding that the instrument was a valid contract and not testamentary in character, this court said: "If the instrument created a *debitum in praesenti,* an obligation existing in the lifetime of the obligor, the fact that it was not to be discharged until after Dargie's death renders it none the less enforceable as a demand against his estate. (8 Cyc. 1007.) 'Where a testator has not in a paper payable *postmortem* recognized himself either by intendment or language as under legal indebtedness to the party in whose favor it is made, such instrument is without consideration, purely voluntary and testamentary in its character.' (*Kirkpatrick* v. *Pyle,* 6 Houst. [Del.] 569.) Any memorandum in writing, however, *regardless of its form,* and whether payable in money or specific property, whereby a debt is *acknowledged* by one as owing to another to whom the memorandum is delivered is sufficient to create such obligation. . . . Hence, conceding the document in question is not a negotiable instrument . . . the want of such character is immaterial if terms are employed therein which at the time of its execution created a *debitum in praesenti.*" (Pp. 205-206.)

Another leading case is *McKinnon* v. *McKinnon,* 56 F. 409 [5 C.C.A. 530], wherein it was said that the partnership articles in controversy "constitute an executory agreement, which determines the rights of the parties inter se, and provides what disposition shall be made of the partnership property on the happening of a certain event. In the state of Missouri, where these articles were signed, and where both partners at the time resided and carried on business, it is as well settled, as it is in any state of this Union, that an agreement by a person, upon a valuable consideration, to give to another the

whole or a part of his property at the promissor's death, will be specifically enforced in equity, both as to real and personal property, if the consideration is duly rendered by the promisee.'' (P. 412.)

Two recent cases arising in the federal courts concern instruments where a third-party donee beneficiary was to receive the benefits after the death of the promisor. The decision in the latest of these (*Robinson's Women's Apparel, Inc.* v. *Union Bank & Trust Co. of Los Angeles*, 67 F.Supp. 395), was based upon California law, and the court held that an instrument is not testamentary in character where there was ''a contractual right asserted either by a party to a contract or by a third party beneficiary.'' (P. 396.) The court also declared that ''the mere fact that the death of one of the parties to a contract is designated as the contingency upon which a promise turns is not alone sufficient to subject such an agreement to the Statute of Wills. Were that the rule, life insurance contracts, where the insurance is payable to a beneficiary other than the estate of the insured, would be subject to the Statute of Wills.'' (P. 395.)

In the earlier case (*Mutual Ben. Life Ins. Co.* v. *Ellis*, 125 F.2d 127), the court, deciding that the instrument there under attack did not constitute a testamentary disposition of property, stated: ''A sufficient answer to the argument that it would violate the Statute of Wills to enforce the agreement for the sisters lies in the fact that their right to enforce is based upon a contractual obligation and not on any interest in the property of the decedent.'' (P. 131.) Other cases in which an instrument has been upheld as a contract rather than a will are cited in the footnotes in 1 Page on Wills, sections 83 and 84, pages 179-183.

The appellant relies upon decisions where an instrument which was intended by the grantor to be a conveyance was held not to be operative as such because it did not pass any present interest, and to be void as a will, because not executed in conformity with the statute of·wills. (*Cohn* v. *Klein*, 209 Cal. 421 [287 P. 459]; *Niccolls* v. *Niccolls*, 168 Cal. 444 [143 P. 712]; *Estate of McEuen*, 18 Cal.App.2d 180 [63 P.2d 332]; and cf. *Estate of Heuler*, 207 Cal. 391 [278 P. 1031], where a contract in consideration of marriage was held to be a valid testamentary disposition of certain property.) But by the agreement which Howe made with Netz, contractual obligations were created, and determinations

which concern conveyances without consideration are not in point.

█ A further point made by the appellant is that the instrument is in part a binding contract, and in part testamentary. It is argued that the provision for the specified weekly salary and the bonus was a generous consideration for Netz' services as manager, and the transfer of the business was intended as a gift to become effective at the time of Howe's death. In support of her position, the widow points to the provision of the contract that should Netz predecease Howe, then his heirs "shall only be entitled to compensation for his unpaid services, if any, and his share in the net profits of the said business, up to the end of the current year." And although the agreement that Netz should become the owner of the business upon Howe's death was expressed in terms of additional compensation, this was "merely a way of expressing appreciation for a good job done by Netz." She also contends that "the provision for revoking the agreement indicates testamentary intent."

The appellant relies upon *Ga Nun* v. *Palmer*, 159 App. Div. 86 [144 N.Y.S. 457], where plaintiff sued decedent's estate as a creditor for $20,000, basing her claim on a contract entered into between plaintiff and decedent. Plaintiff's promise was to care for decedent "in sickness and health as long as she lives"; and decedent promised to pay plaintiff "Seventy dollars a month for the support of the house and her clothes as long as I live, and at my death she is to have Twenty thousand dollars. . . ." The court held that the instrument was contractual in part "and that the remaining provisions of said instrument (the provisions relating to the $20,000) are testamentary in character." (P. 459 [144 N.Y.S.].) However, the Court of Appeals, speaking through Mr. Justice Cardozo, took a contrary position, holding that there was no basis for the "dismemberment of the contract," and that "each promise in its entirety is the consideration for the other." (*Ga Nun* v. *Palmer*, 216 N.Y. 603 [111 N.E. 223, 225].) It was further stated that the "character of the promise is not changed by the time fixed for its performance. (Citing cases.) It makes no difference that the reward may seem to be extravagant in amount. Unless there is fraud or undue influence, the inadequacy of the consideration does not destroy the obligation of the contract." (P. 225 [111 N.E.].)

This reasoning is particularly applicable to the contract

now being considered because of its provision that the transfer was intended as ''additional compensation'' for Netz' services. There is no reason for a dismemberment of the contract. Likewise, the fact that it could be terminated upon 90 days' notice does not indicate that the agreement was made with testamentary intent, and the possibility of termination does not render the promise of Howe invalid. Because of the required 90 days' written notice, there was adequate consideration. (Restatement, Contracts, § 79, Illustration 1.)

As evidencing some doubt in the minds of Netz and Howe concerning the legality of their contract, the appellant relies upon the provision of Howe's will, executed about four years after they made the agreement in regard to ownership of the business. By his will, Howe bequeathed the business to Netz ''in the event such contract should be questioned in any way.'' However, the terms of the will, even if inconsistent with the contract, cannot change the binding effect of the former agreement of the parties.

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.