IN RE ESTATE OF HILMA C. LUNDGREN, deceased.

(Application for executor's deed)

No. 49776.

(Reported in 98 N.W.2d 839)

OCTOBER 20, 1959.

Bradshaw & Crawford, of Fort Dodge, for appellants Reuben Carl Lundgren and Arthur Clarence Lundgren.

Kirchner & Kirchner, of Fort Dodge, for appellee Bernice Lundgren.

Burnquist, Helsell, Burnquist & Kersten, of Fort Dodge, for executor appellee.

GARFIELD, J.—The question presented is whether a writing designated "Real Estate Contract," not executed in the manner required for a will, is testamentary in character. We affirm the trial court's negative answer to this question.

Hilma C. Lundgren died January 27, 1958, survived by three daughters and two sons. Her will, dated April 30, 1946, leaves her property equally to these five except that her daughter Bernice is given the first chance to buy the home 80 acres now in controversy. A codicil, dated August 27, 1947, affirms the will except that it leaves certain personal effects to Bernice.

January 15, 1951, testatrix and Bernice executed a "Real Estate Contract," not in the manner required for a will, for the sale to Bernice of the home 80 acres. The contract provides that Hilma "has sold and agrees to convey by deed of warranty to said second party [Bernice]" the real estate, giving its legal description. Bernice agrees to pay first party (Hilma) $20,000 as the purchase price of the property at the time of Hilma's death. One dollar was paid on the execution of the contract "to bind the bargain." Hilma is to receive all income and pay all taxes (including those for the year of her death), insurance and upkeep of the premises as long as she shall live. Hilma orders her executor to execute and deliver to Bernice "as soon as possible after my decease a warranty deed" and furnish an abstract showing merchantable title, with ten days for examination before deed is delivered. Hilma agrees to deliver possession of the premises at her death in as good condition as they are now in, natural wear and tear excepted.

Signatures of Hilma and Bernice to the contract were acknowledged before a notary. It was executed in duplicate, each signer receiving one of the duplicates.

July 1, 1958, the executor of Hilma's estate filed in the probate court his application for authority to execute and deliver to Bernice a deed pursuant to the contract, she having tendered the purchase price and demanded deed and abstract. Hilma's two sons filed a resistance, in four divisions, to the application, denying execution of the contract and alleging it was not executed in the manner required for a will or codicil, was an attempt to change the earlier will and codicil and therefore void. Bernice joined in the executor's application.

Upon the trial, execution of the contract was clearly proven, also that Bernice tendered the purchase price therein stipulated. As previously indicated, the trial court held the contract is an absolute one to be performed at Hilma's death, is not ambulatory in character, and the statute of wills has no application. The executor was ordered to deliver deed and abstract to Bernice and to receive the $20,000 she deposited with the clerk of court. We are agreed the decision is right.

The essential characteristic of a testamentary instrument is that it operates only upon and by reason of the maker's

death. Until then it is ambulatory. By its execution the maker parts with no rights and divests himself of no part of his estate and no rights accrue to, or vest in, any other person. The maker's death establishes the character of the instrument. It then ceases to be ambulatory, acquires a fixed status and operates as a transfer of title. Shaull v. Shaull, 182 Iowa 770, 779, 166 N.W. 301, 304, 11 A. L. R. 15, 20, 21; Manchester v. Loomis, 191 Iowa 554, 567-9, 181 N.W. 415; Keck v. McKinstry, 206 Iowa 1121, 1128, 1129, 221 N.W. 851; 94 C. J. S., Wills, sections 127(2), 128; 57 Am. Jur., Wills, section 15.

■ Unlike a will, a contract creates a present, enforceable, binding right over which the promisor has no control without the consent of the promisee. It is a promissory obligation which requires consideration, deriving its binding force from the meeting of minds of the parties. It is not merely gratuitous. 57 Am. Jur., Wills, section 40; 94 C. J. S., Wills, section 140.

■ An instrument by which the maker grants an estate or interest in praesenti, though possession and enjoyment are postponed until after his death, is not testamentary. Bjornstad v. Fish, 249 Iowa 269, 276, 87 N.W.2d 1, 5, and citations; Benz v. Paulson, 246 Iowa 1005, 1011, 70 N.W.2d 570, 573.

■ Numerous authorities on the subject are in substantial agreement that the fact death of one of the parties to a contract determines the time of performance does not make the contract testamentary. Thus an otherwise valid contract is not rendered testamentary by the fact it provides title to the property is to pass, or payment is to be made, at the maker's death. Such an instrument may be enforced as a contract according to its terms. Manchester v. Loomis, supra, 191 Iowa 554, 567-9, 181 N.W. 415; Shaull v. Shaull, supra, 182 Iowa 770, 166 N.W. 301, 11 A. L. R. 15; Saunders v. Saunders, 115 Iowa 275, 88 N.W. 329; Re Howe's Estate, 31 Cal.2d 395, 189 P.2d 5, 1 A. L. R.2d 1171, and annotation, 1178, 1197-9; 1 Page on Wills, Lifetime Ed., section 84; 94 C. J. S., Wills, section 140; 57 Am. Jur., Wills, section 40, page 68.

■ Of course the instrument in question could not be given effect as a will or codicil because it was not executed in the manner required by the statutes pertaining thereto. Unless it is a valid contract it is void. The law presumes Hilma intended

1238

to make a valid instrument and it will be so construed if fairly possible. The law also presumes she knew the legal requirements for execution of a will or codicil. This presumption is strengthened by the fact she had made both a will and codicil and must have had some actual knowledge of the requisites for their execution. Shaull v. Shaull; Saunders v. Saunders, both cited last above. See also Manchester v. Loomis, supra.

Although the fact this instrument is designated "Real Estate Contract" is by no means conclusive as to its nontestamentary character, it constitutes some evidence the parties intended it to be contractual. And the covenants contained in it, its execution before a notary in duplicate and delivery to each contracting party constitute persuasive evidence of an intention to make a valid contract. See Shaull v. Shaull and Saunders v. Saunders, both supra.

We think the instrument in controversy created a present, enforceable interest in Bernice although time of possession and payment of the purchase money was postponed until her mother's death. Upon execution and delivery of the contract Bernice held the equitable title and her mother retained the legal title as security for payment of the purchase price. Junkin v. McClain, 221 Iowa 1084, 1089, 1090, 265 N.W. 362, and citations; Hatch v. Commerce Ins. Co., 216 Iowa 860, 862, 249 N.W. 164, 165 (824, Supp.); McCreary v. McGregor, 183 Iowa 732, 737, 167 N.W. 633, and citations; 91 C. J. S., Vendor and Purchaser, section 106; 55 Am. Jur., Vendor and Purchaser, sections 355, 356.

The binding force of this contract is not destroyed by the fact the will and codicil are inconsistent with it. The testamentary beneficiaries acquired no interest in Hilma's estate until her death. Prior thereto Bernice acquired a present interest in the 80 acres under the contract. Re Howe's Estate, supra, 31 Cal.2d 395, 189 P.2d 5, 1 A. L. R.2d 1171, 1177-8.

Nor is it any defense to the enforcement of this contract, in the absence of a plea and proof of fraud or undue influence, that the value of the land may have exceeded the amount Bernice agreed to pay, and Hilma agreed to accept, for it. Re Howe's Estate, supra; Ga Nun v. Palmer, 216 N. Y. 603, 111 N.E. 223, 225.

■ Appellants refer to decisions to the effect delivery of a deed during the grantor's life is essential to its validity. They have no application here. Bernice's claim is not based upon a deed but upon a bilateral contract executed and delivered during her mother's life.

■ In argument here appellants contend a confidential relationship existed between Bernice and her mother, presumably with Bernice the dominant party, and on this theory the contract is the result of undue influence exerted by her. Although, as stated, appellants filed a resistance in four divisions to the executor's application, no such issue was raised or considered in the trial court and it may not be urged for the first time upon appeal. Neibert v. Stone, 247 Iowa 366, 367, 368, 73 N.W.2d 763, 764, and citations; Picken v. Picken, 248 Iowa 416, 422, 80 N.W.2d 740, 743.

If appellants had pleaded confidential relationship and undue influence the burden would have been theirs to show by clear proof the relationship existed. Groves v. Groves, 248 Iowa 682, 692, 82 N.W.2d 124, 130, and citations. The evidence is quite insufficient to meet this requirement.

Appellants have argued some other matters which have been considered and found without merit.

■ Appellants filed notice of appeal from an order of the trial court fixing the amount of a supersedeas bond to be filed by them. They declined to furnish a bond in the amount fixed. No error or proposition in support of this appeal has been stated or argued and any complaint against the order is therefore deemed waived. Rule 344(a)(4)(Third), Rules of Civil Procedure; Carlson v. Bankers Trust Co., 242 Iowa 1207, 1211, 50 N.W.2d 1, 4, and citations; Scheffers v. Scheffers, 242 Iowa 563, 565, 47 N.W.2d 157, 158. At best it is doubtful if appellants could appeal from such an order as a matter of right and without obtaining our permission under rule 332, R. C. P. Further, it would seem any complaint against this order is now moot.—Affirmed.

All JUSTICES concur.