ESTATE OF GEORGE E. HOWE, DECEASED, J. C. NETZ, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21670. Promulgated June 29, 1951.

*Harrison Harkins,* Esq., for the petitioner.
*A. J. Hurley,* Esq., for the respondent.

### OPINION.

OPPER, *Judge:* Petitioner challenges respondent's determination of an income tax deficiency of the decedent in the amount of $23,-543.12 for the taxable period January 1, 1944, to December 5, 1944. Certain adjustments are not contested. The sole issue is whether section 43, Internal Revenue Code, prohibits a deduction from decedent's gross income for compensation in the amount of the value of decedent's entire business, which passed upon his death to an employee pursuant to agreement. All of the facts were stipulated.

The stipulated facts are hereby found accordingly and may be summarized briefly as follows:

Petitioner's tax return was filed with the collecter of internal revenue for the sixth district of California.

During his lifetime, George E. Howe, hereinafter called decedent, was the sole proprietor of a plumbing, heating, ventilating, and hardware business conducted in Los Angeles, California, under the name of Howe Brothers. The business kept books of account and decedent reported the business income on a calendar year basis by the accrual method.

For many years J. C. Netz was employed by decedent. From 1915 Netz served as general manager of the business. On December 31, 1928, decedent and Netz executed an "Agreement" which provided, among other matters, that: Decedent was to employ Netz as manager of the business for two years; Netz was to receive as compensation $40 per week and $1,000 semi-annually, plus 50 per cent of the net profits after deducting expenses and agreed amounts to be allowed decedent for rent, interest on his investment, and compensation for his services; the agreement was to continue in force, at the end of the agreed term, from year to year unless changed by mutual consent; upon the death of decedent or his permanent mental incompetency continuing for more than one year, Netz was to "have as additional compensation for his said services, rendered prior to the death or

incapacitation of said first party, the entire hardware, plumbing and heating business * * * including the good-will and the right to use the said name Howe Bros., and also including all merchandise, stock on hand and contracts in force at the time of the death or incapacitation of the said party of the first part, together with all monies due * * *," Netz to assume all liabilities of the business; upon the death or mental incapacity of Netz during the continuance of the contract he was only to "be entitled to compensation for his unpaid services, if any, and his share in the net profits of the said business, up to the end of the then current year." The agreement was never amended or revoked.

On December 5, 1944, decedent died. The California Superior Court, having jurisdiction of the probate of the estate, determined the agreement to be valid in an order which was affirmed on appeal in *In re Howe's Estate*, 31 Cal. 2d 395, 189 P. 2d 5.

On December 5, 1944, Netz received the business pursuant to the agreement. On that date the net value of the business was $145,000. The net profit of the business for the period January 1 to December 5, 1944, before deducting decedent's salary and rental, and the salary and semi-annual payments to Netz, was $75,725.80.

The income tax return filed for decedent for the period in controversy reported no income and claimed no deductions with respect to the business of Howe Bros.

Respondent's notice of deficiency "determined that the amount of net income derived by the decedent from his business operated under the name of Howe Bros. for the taxable period beginning January 1, 1944 and ending with the date of his death on December 5, 1944, is $41,896.55 * * *" and "that no deduction is properly allowable in the amount of $145,000.00, the net value of the decedent's business operated under the name of Howe Bros. to which J. C. Netz succeeded upon the death of decedent pursuant to the provisions of a written contract between the decedent and the said J. C. Netz, executed in the year 1928. Section 43 of the Internal Revenue Code as amended by Section 134 (b) of the Revenue Act of 1942."

The receipt of the business by Netz on December 5, 1944, was reasonable compensation for personal service actually rendered.

Although the provision which decedent made to recompense his faithful employee has some aspects of a testamentary arrangement [1] as well as an "ordinary and necessary business expense," both parties expressly disclaim the former assumption. In view of the manner in which the case has been presented, it hence cannot be considered authority for similar situations where the testamentary argument may be pressed.

---

[1] See *In re Howe's Est.* (Cal.), 31 Cal. 2d 395, 189 P. 2d 5.

One of the difficulties of dealing with the complexities of the present situation, however, is that decedent's death was the significant event which caused the passage of the property in question from the dead to the living, a criterion generally associated with the impact of the estate tax. *Klein* v. *United States*, 283 U. S. 231. Decedent's death is here dealt with by the parties as the decisive event, as indeed it must be, but for a different reason. When decedent provided in his contract with his long-time employee, who incidentally became the executor of his estate, that his entire business would go to the employee on decedent's death as a reward for services presumably inadequately compensated during decedent's lifetime, he, probably unknowingly, raised a question as to the meaning of the following sentence of section 43, which is here the narrow limit of our issue:

In the case of the death of a taxpayer whose net income is computed upon the basis of the accrual method of accounting, amounts * * * accrued as deductions and credits *only by reason of the death of the taxpayer* shall not be allowed in computing net income for the period in which falls the date of the taxpayer's death. [Emphasis added.] [2]

The italicized portion is the language in controversy. Decedent was on an accrual basis. It seems too evident for discussion that the amount in question accrued as a result of decedent's death. If it did so "only" as such result, the deduction must be disallowed. It is conceded, however, that the payment was reasonable; and we know that deductions can be taken for past services. *Lucas* v. *Ox Fibre Brush Co.*, 281 U. S. 115. As the case is presented, there accordingly appears to be no question but that if it is not accrued "only" by reason of decedent's death, the deduction must be allowed.

The word "only" which thus creates the critical problem, is ambiguous as employed in this context. Almost nothing happens as a result only of some other single event. Here it can be argued that both the contract and the services were necessary before the decedent's death could create the obligation. It hence becomes appropriate to construe the word in the light of congressional intent as manifested by the legislative history. *United States* v. *Ogilvie Hardware Co.*, 330 U. S. 709.

In 1934 sections 42 and 43 were amended to bring into the income of a decedent's last taxable period income and deductions "accrued up to the date of his death," if not properly elsewhere includible. The purpose was to deal with situations where uncollected income would otherwise escape taxation entirely. H. Rept. 704, 73d Cong., 2d Sess., 1939–1 C. B. (Part 2) 554 at 572. In *Helvering* v. *Enright's Estate*, 312 U. S. 636, the Supreme Court gave a sweeping construction

---

[2] Internal Revenue Code, section 43, as added by Revenue Act of 1942, section 134. A similar provision appears in section 42 relating to items of gross income.

to that legislation to make it include not only items which would appear in ordinary accrual accounting, but everything on both sides of the ledger which could be considered as earned.

A rather elaborate system for reporting income in respect of decedents was thereupon constructed in the 1942 Act. Internal Revenue Code, section 126. Its primary effect was to secure the inclusion of both types of items constituting net income in the taxable income of either the decedent or his successors. In connection with that legislation section 43 was amended to read as it has been quoted above. And the broad purpose was said to be to eliminate the hardship of having "income which would normally fall into other periods * * * be piled into his last year, thereby subjecting such income to a much heavier tax burden * * * by taxing this income to the persons who actually receive it, whether such persons be the executor of the decedent or his heirs." H. Rept. 2333, 77th Cong., 1st Sess., 1942-2 C. B. 372, at 411.

It is insisted that the following additional statement demonstrates the present inapplicability of the new section 43:

* * * These subsections further provide that amounts * * * which would be includible in the income of, or allowable as deductions and credits to, a decedent who keeps his books on the basis of the accrual method of accounting solely by reason of his death shall not be included * * *. The purpose of this provision is to insure that with respect to the determination of the decedent's income for his last taxable period the death of the decedent will not effect any change in the accounting practice by which the decedent determined his income during his life. * * *

Id., at 436.

Petitioner argues with justification that if the purpose of the legislation was to preserve intact an accrual-basis decedent's normal method of accounting, it cannot be carried out unless we permit the deduction. With this conclusion respondent apparently has no quarrel. His position is merely that the case comes within the precise terms of section 43, and that no resort to legislative history is permissible because the language is unambiguous. With this proposition, as we have already made clear, we are unable to agree.

Some distortion of income is bound to result under either theory. If the deduction is allowed, it is true, a payment for services covering many years will fall into the tax computation of this one. But if it is disallowed, the deduction for services rendered in the earning of decedent's income will never be a charge against the income of any year or of any person. A deduction as a claim against the estate for estate tax purposes, see *Nashville Trust Co., Executor* v. *Commissioner* (C. A. 6), 136 F. 2d 148, will not fill the gap. Cf. section 126 (c), Internal Revenue Code.

We conclude that considering all the circumstances allowance of the deduction will more nearly effectuate the declared legislative purpose than its disallowance. In this respect the deficiency must accordingly be disapproved.

Reviewed by the Court.

*Decision will be entered under Rule 50.*