OPINION. OppeR, Judge: The question is whether amounts concededly expended by petitioner are deductible only as a short term capital loss by reason of the provisions of section 117 (g) (2), Internal Revenue Code.[1] This in turn depends, as the case is presented, on whether it can be said that within the meaning of that section the expenditures in question were “losses attributable to the failure to exercise” an option “to buy * * * property.” Petitioner does not question that the natural gas it hoped to acquire was property, but urges that the section in dispute applies only to losses attributable “solely” to a failure to exercise an option and further, in what is perhaps different language for saying the same thing, that the loss was attributable not to the failure to exercise the option but to the failure to obtain the customer to whom it was intended that the gas would be sold. In presenting its position petitioner notes that the section pertains to gains or losses attributable to the failure to exercise options and not to “all gains or losses attributable to” such options.[2] With that statement as a premise, there can of course be no quarrel. But we cannot follow petitioner to its conclusion. There is no suggestion in the legislation or its history that the failure to exercise the option must be the “sole” cause of the loss, and, indeed, it might be difficult to find any human situation in which a result follows solely from a single cause. See Estate of George E. Howe, 16 T. C. 1493, 1495.. What petitioner would have us do is determine not so much the cause of the loss as the anterior reason leading to its decision to allow the option to lapse; and in this case to attribute the loss not to petitioner’s failure to take up its option but to its lack of success in obtaining the customer who would make the option profitable. Such philosophic speculation would go far to make the section impossible of practical administration. The sums expended by petitioner were treated by the parties at the time as the consideration for the option. Not once but three times did petitioner itself view them as consideration; first, in the enabling resolution;[3] second, in the option contract;[4] and third, in the resolution dealing with the unsuccessful consequences of the venture where petitioner’s own officials directed that “the consideration for such option shall be charged as an operating loss for the year 1944.” The consideration so paid for the option was lost naturally enough when the option expired without being exercised. It is difficult to conceive of a loss more directly attributable not alone to the option, but in accordance with the legislative intent to “the failure to exercise” it. Cf. Seth M. Milliken, 15 T. C. 243. “We have reviewed carefully the legislative history of that section and can not find there any indication that Congress did not intend that a * * * corporation which lost the money paid for an option which it purchased but did not exercise should be exempted from its provisions.” Nordblom Associates, Inc., 15 T. C. 220, 224. Reviewed by the Court. Decision will be entered for the respondent. SBC. 117. CAPITAL GAINS AND LOSSES. ******* (g) Gains and Losses prom Short Sales, Etc. — For the purpose of this chapter— ******* (2) gains or losses attributable to the failure to exercise privileges or options to buy or sell property sbaU be considered as short-term capital gains or losses. “Finally, under tbe amendment it is the gains or losses attributable to ‘the failure to exercise’ privileges or options to buy or sell property and not aU gains or losses attributable to such privileges or options which are to be treated, as a matter of law and without regard to varying circumstances, as gains or losses from sales or exchanges of capital assets held for 1 year or less.” Conference Report, 73rd Cong., 2nd Sess., H. Kept. 1385, p. 23. “* * « sucb advancements shall be in consideration of an option for the purchase of the entire output of such well, or wells * * “WHEREAS the Southern Community Gas Company * * * is desirous of obtaining from the Southern Coast Corporation [petitioner] advancement of cash and credit and to have the Southern Coast Corporation under its direction, re-work, re-complete and re-drill such well or wells as it may acquire * * ■ “And WHEREAS in consideration of such performance by the Southern Coast Corporation, the Southern Community Gas Company does hereby give to the Southern Gas Corporation an option to purchase all gas * *