ESTATE OF URA M. FINCH, DECEASED, ALICE E. FINCH, ADMINISTRATRIX, AND ALICE E. FINCH, INDIVIDUALLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47876.   Filed June 15, 1955.

*W. G. Boone, Esq.*, and *Charles H. Davis, Esq.*, for the petitioners.
*Homer F. Benson, Esq.*, for the respondent.

404

**OPINION.**

HARRON, *Judge:* The petitioners claim deduction for a loss under section 23 (e) of the 1939 Code in the amount of $9,783.48 in the taxable

period which ended with the decedent's death, which sum includes an alleged original investment of $300. There is no dispute about the amount of the loss. The question to be decided is whether the loss was sustained during the taxable period which began on January 1, 1948, and ended on June 27, 1948.

The Commissioner has determined that the loss was not sustained during the above period, and that it did not occur by reason of the death of the decedent. He states his position in the following way:

The loss claimed in computing taxable income of the decedent for the taxable period January 1 to June 27, 1948, resulted from the affirmative action of R. W. Snell in electing to terminate the conditional sales contract and to retake title and possession of certain business property previously conditionally transferred to Ura M. Finch.

Since, under the provisions of the agreement, the election to terminate the contract could not have been exercised until after the death of Ura M. Finch it follows that the loss did not occur prior to the date of the notice of election on June 30, 1948, and therefore it was not sustained by Ura M. Finch. Accordingly, the loss was sustained by his estate and is not deductible in computing taxable income of decedent for the taxable period January 1 to June 27, 1948.

The petitioners advance this argument: Under all of the circumstances, including the waiver of the requirement in paragraph 6 of the contract that Finch would take out $10,000 of insurance, Snell had only one choice, from a practical viewpoint, namely to repossess the business; that in reality Snell did not have the alternative choice of calling upon the estate, or heirs, or representatives of the decedent to continue to make the payments. Petitioners point to the fact that Finch left no estate of any appreciable value, and they argue that it would not have been prudent for Snell to have consented to have the "heirs" of Finch, his widow and, perhaps, 13 cousins, continue the operation of the business. Petitioners argue, also, that it is doubtful whether Snell could have compelled Finch's "heirs" to continue to operate the business and assume the obligation of making the stipulated monthly payments to Snell. Petitioners rely chiefly on *National Metropolitan Bank* v. *United States*, 111 F. Supp. 422.

There was no adjudication by a state court having jurisdiction of any dispute about the rights of Snell under the contract upon the death of Finch. Lacking any adjudication about several possible questions which petitioners' argument suggests, we refrain from either speculating about possible questions involving interpretation of the agreement, or deciding such questions.

Essentially, it is petitioners' contention that the contract was terminated by Finch's death; that the property and the business immediately reverted to Snell as of the time of Finch's death; and that Snell's election was a mere formality.

We are unable to accept as correct such broad construction of the contract as petitioners urge. The contract does not contain a pro-

vision that the business and property in question are to revert to Snell immediately upon the death of Finch. It does not provide that Snell's election to take repossession of the business, if made, is to be effective as of the time of Finch's death. On the other hand, the contract provides, in paragraph 6, that if Finch dies within 3 years from the date of the contract, Snell has the right to elect either to call on the heirs or representatives of Finch to continue the business and to continue to make the monthly payments of $500 during the remainder of the period of 60 months from the date of the contract, or to reenter, repossess, and operate the business as his own. In that situation, whether or not there would be a loss of Finch's investment in the business could not be ascertained until Snell made his election. Snell made his election by a written letter on June 30, 1948, about 3 days after Finch's death; and Snell took repossession of the business and property pursuant to his letter of election of June 30, 1948. That fact has been stipulated by the petitioners.

We do not have in this case a judicial determination that the business and property reverted to Snell instantly upon Finch's death. Cf. *National Metropolitan Bank* v. *United States, supra;* and *Estate of George E. Howe*, 16 T. C. 1493. Furthermore, we think that under the contract, Finch's surviving heir or heirs might have claimed a right to continue to operate the business and assume the obligations to make the monthly payments to Snell.

Upon the facts, we can conclude only that the business and property was held by the representatives of the decedent upon his death for a short period, until June 30, when Snell made his election to repossess the business and property; and that it did not revert to Snell as of Finch's death or immediately upon Finch's death.

The result we reach is obviously a harsh one. The question, however, is a close question. The determination of the question depends upon the terms of the conditional sales contract. It is our view that under the terms of paragraph 6 of the contract Snell had to act affirmatively in order to repossess the business, and that under the provisions of the contract, the business did not revert to Snell until he made his election which was after the death of Finch.

From the above conclusion, it follows that any loss under the contract was not sustained prior to the death of Finch, or ipso facto upon his death, and that it was sustained after his death. Therefore, the loss is not deductible from the gross income of the decedent for the taxable period which ended with his death. The respondent's determination is sustained.

Petitioners advance an alternative contention that the 1948 profits of the business to the extent of $9,483.48 were never received by Finch or by his estate but that they accrued to Snell as of the moment of

the death of Finch and they therefore are not taxable to Finch. Upon consideration of this contention, we find that it lacks merit and must be rejected.

*Decision will be entered for the respondent.*