LILLIAN L. CONNELLY, Plaintiff, *v.* USKO HOLDING CORPORATION and Others, Defendants.

Supreme Court, Kings County, October 23, 1931.

*Harry L. Thompson*, for the plaintiff.

*Hutton & Holahan* [*Denis M. Hurley* of counsel], for the defendant Usko Holding Corporation.

*Coudert Bros.* [*Mahlon B. Duing* of counsel], for the defendant Pacific Fire Insurance Company.

*Alexander Bloch*, for the defendants Hedwig Lowens and Harry Lowens.

DODD, J. This is an action to foreclose a mortgage for $9,000. The defendant fire insurance company has interposed a counter-claim alleging that it issued a policy of fire insurance insuring the premises covered by the mortgage and that the policy was in standard form containing the usual standard mortgagee clause which provides: " This insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, * * * Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount."

It alleges further that a fire loss occurred; that the amount of the loss was $3,000; that payment was made to the mortgagee under a claim that no liability existed as to the owner or mortgagor, and that the insurance company obtained a subrogation or par-ticipation to the extent of $3,000. The defendant fire insurance company asks that its rights be determined and that the mortgage be foreclosed for the principal amount of $9,000, and that the plaintiff after satisfaction of her interest in the mortgage to the extent of $6,000, with interest, account to it to the extent of its participating interest of $3,000.

The present owner and his predecessor, the maker of the bond and mortgage, defend and claim that the mortgage should be fore-closed only to the extent of $6,000, and that the participating interest of the defendant fire insurance company should not be enforced.

It appeared upon the trial that the fire occurred on February 28, 1930. On May 13, 1930, the mortgagee filed proof of loss and thereupon the fire insurance company made payment to the mort-gagee, claiming that no liability existed as to the owner or mort-gagor, and obtained the participation. The fire insurance company proved that no proof of loss was filed by the owner or mortgagor within sixty days after the fire and that no suit was instituted within one year.

The defendant owner and his predecessor insist that the fire

insurance company has not sustained the burden of proof to warrant the affirmative relief requested in the counterclaim. I consider this contention without merit. The fire insurance company established that the proof of loss, which is a condition precedent to liability on the policy, had not been filed within the period specified. This proof, unrebutted, establishes conclusively that at the expiration of the sixty-day period and before the time of payment to the mortgagee no claim against the policy could have been made successfully by the owner since he had failed to comply with the conditions of the policy. This measure of proof is sufficient to sustain the counterclaim and was a sufficient basis for the acceptance of the participation under a claim of no liability to the owner or mortgagor. As a matter of fact the proof offered on this trial by the fire insurance company is as extensive as proof that would have been required to sustain a defense to an action on the policy brought by the owner.

The defendant owner and his predecessor contend that the defendant fire insurance company is not entitled to relief since at the time of the fire there was an actual liability on the policy which was then valid but that the subsequent conduct of the owner or mortgagor merely gave the defendant fire insurance company a valid defense to an action on the policy. These defendants seek to distinguish this case from the cases sustaining participation agreements where the policy was void at the time of the fire. It has been held in numerous cases that if the policy was void at the time the fire occurred subsequent payment by the insurer to the mortgagee warranted the acceptance by the insurer of a participating interest. Notable examples are cases where there has been a violation of a condition of the policy prior to the fire, such as the procuring of other insurance or a violation of the vacancy clause. The defendants concede the validity of a participating interest in cases of this nature, but claim that the determining factor is the validity or invalidity of the policy at the time of the fire and not at the time of the payment by the insurer to the mortgagee. Such a distinction does not appeal to me. It is not warranted by the language of the standard mortgagee clause which is clear and unmistakable and does not fix a particular time as the determining factor of liability. There is nothing in the decided cases on the subject which would warrant it, nor is it consistent with the intent of the parties. The mortgagee clause imposes an additional liability on the insurer and the right of the insurer to the participation where no liability exists as to the insured is a fair consideration for payment to the mortgagee on a policy void as to the mortgagor. If at the time of payment by the insurer to the mortgagee

no liability exists as to the owner or mortgagor either by virtue of some act which invalidated the policy prior to the fire or some act subsequent to the fire which is the basis of a defense to an action on the policy, the insurer in fulfilling the added obligation to the mortgagee and indemnifying it against the mortgagor's acts is entitled to the benefit of the consideration that prompted the additional obligation. Such a conclusion is eminently fair to all parties. Indeed if the property was unmortgaged at the time of the fire and the owner failed to comply with the conditions of the policy so that a perfect defense existed, the owner would bear the loss.

In this case his forfeiture of the benefits of the policy should not be visited upon the insurer so as to create a result that would permit the owner to benefit undeservedly.

The defendant owner should remain in a position voluntarily assumed.

Accordingly the plaintiff is entitled to judgment foreclosing the mortgage for the face amount of $9,000 subject to the duty of the plaintiff to account to the defendant fire insurance company to the extent of its participating interest pursuant to the agreement of participation executed on May 13, 1930.

Submit findings and judgment on notice.