BURR C. HATCH, Appellant, v. COMMERCE INSURANCE COMPANY et al., Appellees.

No. 42003.

JUNE 20, 1933.

SUPPLEMENTAL OPINION SEPTEMBER 29, 1933.

I. H. Tomlinson, for appellant.

Vernon W. Lynch, for appellees.

ALBERT, J.—The case was submitted on an agreed statement of facts, the substance of which is as follows:

On the 27th day of February, 1931, defendant Reuben A. Wagle was the owner in fee of lot 5, Maryland Acres of Urbandale. On that date he sold said property to Glenn L. and Elma Rain, husband and wife, under a real estate contract for the sum of $2,000, the purchase price being payable in monthly installments of $20.

On October 27, 1932, Rain and wife assigned all their right, title, and interest in said land contract to the plaintiff, Burr C. Hatch. On February 28, 1931, Rain purchased from the defendant Commerce Insurance Company of Glenn Falls, N. Y., an Iowa Standard Dwelling Fire and Windstorm policy, No. c-11844, in the principal sum of $1,800, and on said 27th day of October, Rain assigned his interest in said policy to the plaintiff, Burr C. Hatch, which assignment was duly consented to by the insurance company. On November 21, 1932—the policy being in full force—the dwelling on said property was completely destroyed by fire. The insurance company accepted proofs of loss furnished by Hatch and Wagle and settlement was made, the agreed amount being $1,641.30, which amount was paid by the insurance company into the hands of the clerk of the district court of Polk county, Iowa, the same to be held subject to the order of court as to distribution of the funds, and the case against the insurance company was dismissed. A copy of the land contract was admitted in evidence, and plaintiff states that the only part thereof necessary to a determination of this action is as follows:

"The purchaser agrees to keep the improvements thereon insured in the sum of $1,800.00 in a paid-up policy in an insurance company satisfactory to the first party, loss, if any, payable to the first party as his interest may appear."

The insurance policy, among others, contained the following provision:

"Loss, if any, to be adjusted only with the insured named herein and payable to the insured and Reuben A. Wagle * * * as their respective interests may appear. * * * "

As heretofore stated, the district court found the equities to be with the defendant and dismissed plaintiff's petition and authorized the clerk of the court to deliver the $1,641.30 to Wagle. The question for decision is whether or not the finding and order of the district court are in accordance with the law and the proper disposition of this fund.

Briefly stated, Wagle's contention is that this fund should be turned over to him to be credited on the purchase price of the property as shown by the land contract. Hatch contends that at the time the fire occurred, he had completely complied with all of the requirements of the contract, and no payments were due under the

contract, and therefore it is inequitable to turn the fund over to Wagle, but insists that in equity the fund acquired from the insurance policy should be utilized to build another house on said lot.

Some fundamental rules may be of use in reaching a conclusion on this question.

Where the owner contracts to sell to another, but retains the legal title, or has a lien on the property until the purchase price is paid or the conditions of the sale are performed, he has an insurable interest in such property. Kempton v. State Insurance Co., 62 Iowa 83, 17 N. W. 194; 26 C. J. 31.

Under the above-stated circumstances, the vendee or purchaser in possession under such contract has also an insurable interest. Ayres v. Hartford Fire Ins. Co., 17 Iowa 176, 85 Am. Dec. 553: 26 C. J. 31.

In the absence of a contract to the contrary, neither the vendor nor the vendee has any interest in the policy of insurance taken out by the other. 26 C. J. 437, section 586.

In the case at bar, however, there is a contract between the vendor and the vendee in relation to this matter of insurance which we have heretofore set out, and the question now has the force and effect of that contract and the provisions of the policy.

The provision of the policy, as above set out, is that "the loss is payable to the insured (purchaser) and Wagle, the vendor, as their respective interests may appear."

Just what is the status of these parties under these conditions?

The law seems well settled in this state that in a land contract such as we have before us in this case, the vendor holds the legal title as security for the balance of the purchase price, and the vendee takes the equitable title. The relation between them, therefore, in equity is practically the same as that of mortgagor and mortgagee.

In the case of Gordon v. Ware Savings Bank, 115 Mass. 588, we had a similar situation to the one in the case at bar. The policy in that case, among other things, provided that the policy was "payable in case of loss to the Ware Savings Bank, mortgagee, as its interest shall appear". The court said:

"The insurance was for indemnity to the mortgagor as well as to the mortgagee. To the mortgagee it was for protection of the security, not for payment of the debt. * * * The money having been properly applied to the restoration of the impaired security, for the benefit alike of all parties interested, there are no equities

in favor of this plaintiff which entitle him to appropriate that benefit exclusively to his own use. On the contrary, it would be inequitable even if such were his legal right by reason of the indorsement of the money, in the first instance, upon the note."

In the case before us, at the time this money became due on account of the fire loss, the vendee was not in default under any of the terms of his land contract, and there was no payment then due thereon. That being true, it would be wholly inequitable to allow the plaintiff to appropriate the $1,641.30 and apply the same on the purchase price because there was nothing due at that time. Under the holding in the Massachusetts case, supra, he would have no right to make such appropriation without the consent of his vendee. It would be equally true that the vendee would have no right to the possession of said money without the consent of the vendor. The money, therefore, is in the position that neither is entitled to the same without the consent of the other. If the money thus received were put into a new building on the aforesaid lot, then the vendor and the vendee would be in exactly the same position they were before the fire occurred. It would, therefore, seem to be equitable that the money in the hands of the clerk be used to erect a new dwelling on the lot in question, not to cost to exceed, of course, the amount of money on hand.

We conclude, therefore, that this should be done and the case remanded to the district court with directions to appoint a trustee to take the fund from the hands of the clerk and to make a necessary contract to rebuild the house, the same to cost not more than the amount of money in the hands of the clerk, less such expenses for services as the court may allow the trustee.

If the vendee be in default herein, as to any of his payments by reason of this litigation, he shall have sixty days from the date of the filing of this opinion to make such payments.

For the reasons above foregoing, the action of the district court is reversed and the case remanded with the above directions.—Reversed and remanded.

KINDIG, C. J., and EVANS, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.

### SUPPLEMENTAL OPINION.

ALBERT, C. J.—Petition for rehearing having been filed herein and satisfactory showing having been made that Reuben A. Wagle

has withdrawn from the Clerk of the Court the funds referred to in the opinion heretofore filed herein, it is hereby ordered that the amount thus drawn from the Clerk of the Court by Wagle be returned to the Clerk for the purpose of carrying out the provisions of the opinion filed herein within thirty days from the filing of this supplement, and that on failure to so return said funds to the Clerk of the Court the said Wagle shall not forfeit or foreclose said contract existing between Wagle and Hatch and the said Hatch shall not be required to carry out the terms of said contract until said funds shall be returned to said Clerk of the District Court of Polk County, Iowa, nor shall the plaintiff Hatch be required to pay interest during the time said fund is detained by the said Wagle.