TERRAQUA CORPORATION, Plaintiff, *v.* EMIGRANT INDUSTRIAL SAVINGS BANK, Defendant.

Supreme Court, Special Term, New York County, August 21, 1947.

*Edwin A. Berkery* for defendant.

*Boris M. Komar* for plaintiff.

LUMBARD, J. In this action for a declaratory judgment defendant moves for a dismissal of the complaint for failure to state sufficient facts. It appears that certain improved real property mortgaged to defendant has been substantially damaged by fire and remains in that condition. Defendant, as mortgagee, has collected the proceeds of the fire insurance which it applied in partial satisfaction against the unpaid principal balance of the mortgage.

Under the terms of the mortgage it is provided that " All insurance policies covering said premises shall be endorsed so that loss thereunder shall be payable first to the party of the first part [mortgagee], and no other payment shall be made until after payment to the party of the first part of the indebtedness hereby secured. The party of the second part hereby assigns to the party of the first part all claims for loss or damage under all insurance policies at any time covering said premises." To paraphrase, the mortgage expressly provides that any loss covered by insurance policies would be payable to the mortgagee. Subdivision 4 of section 254 of the Real Property Law, relating to the construction of covenants in mortgages, provides that when a mortgagor is required to keep the buildings insured for the benefit of the mortgagee, the money received by the mortgagee in payment of a fire loss on the mortgaged premises may be retained and applied against the principal of the mortgage or he may pay the same over to the mortgagor for repairs.

There is no dispute as to the above, but it is urged that subdivision 4 of section 254 of the Real Property Law is inapplicable because the mortgage is not in the form provided by section 258 of that statute; that, unaffected by any statutory provisions, the terms of the mortgage provided for amortization by monthly installments and to permit the mortgagee to retain the moneys collected would accelerate the payment, thus giving him a benefit over and above the terms of the contract.

This court entertains no doubt as to the applicability of subdivision 4 of section 254 of the Real Property Law to the insurance clause of the mortgage in question. The introductory paragraph of that section specifically states that it applies to

statutory or " similar " clauses, and it was so held in *Seligman* v. *Berg* (233 App. Div. 221, 224).

In *Savarese* v. *Ohio Farmers Ins. Co.* (260 N. Y. 45) a mortgagee under circumstances similar to those in the case at bar was permitted to retain the proceeds of an insurance policy even though the mortgagor had repaired the damage. The court there found that the choice provided by section 254 of the Real Property Law as to whether insurance moneys should be applied to a reduction of. the mortgage or to repairs of the damaged .premises is solely that of the mortgagee; and the application of the insurance money to the mortgage debt is a benefit to the mortgagor. In principle it is difficult to distinguish the case at bar, the only distinction being that in that case the damages were repaired by the mortgagor. But even on the stronger facts the court there ruled in favor of the mortgagee.

The application of this rule may sometimes work hardship on mortgagors. But, it is they who make the contract, and the courts are powerless to do more than interpret the agreement made by them. To read into the mortgage before the court the arguments advanced by the mortgagor would, in effect, create a new contract and frustrate the provisions of section 254 of the Real Property Law as interpreted by the Court of Appeals.

The motion to dismiss the complaint is granted.

Settle order.