TERRAQUA CORPORATION, Plaintiff, *v.* EMIGRANT INDUSTRIAL SAVINGS BANK, Defendant.

Supreme Court, Special Term, New York County, October 20, 1947.

*Borris M. Komar* for plaintiff.

*Edwin A. Berkery* for defendant.

HOFSTADTER, J. Motion to dismiss the complaint is granted. There is no substantial difference between the complaint in the case at bar and the complaint in a prior action between these parties and which was dismissed pursuant to motion. No appeal was taken from the former decision. Under such circumstances, the decision in the prior determination disposes of the issues presented here (*Joannes Brothers Co.* v. *Lamborn*, 237 N. Y. 207; *Linton* v. *Perry Knitting Co.*, 295 N. Y. 14). Furthermore, even if there were not this similarity, the prior determination discussed the main contentions advanced by plaintiff here, and ruled adversely to them. Plaintiff cannot truly be in doubt as to its rights since the decision in the prior action. On the face of the complaint it is clear that the mortgagee properly applied the insurance moneys obtained as a result of the fire in plaintiff's premises. The opinion of LUMBARD, J. (190 Misc. 474), in dismissing the complaint in the former action, sufficiently explains the relative rights of the parties, and there is no need for further clarification. Successive actions for declaratory judgment should not be permitted in order to give a litigant an opportunity to raise some additional point which he failed to present in a former action, especially where the determination in the former action clearly points the way to the jural relations between the parties. Settle order accordingly.