■ DOLLAR FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Appellants, v HERBERT KALLEN, INC., et al., Respondents, et al., Defendant.—In a mortgage foreclosure action, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County, dated October 31, 1977, as directed that the moneys received by them from an insurance carrier for the fire loss to the mortgaged premises shall be applied to reduce the amount due on the mortgage. Plaintiffs purport to further appeal from an order of the same court, dated July 25, 1977, made upon its motion for reargument of the court's decision. Appeal from order dated July 25, 1977, dismissed. No appeal lies from an order made upon reargument of a decision. Order dated October 31, 1977 reversed insofar as appealed from, on the law, and the insurance proceeds paid to the plaintiffs are not to be applied to reduce the amount of the mortgage. The plaintiffs are awarded one bill of $50 costs and disbursements to cover both appeals. On August 24, 1964 the corporate defendant mortgaged property located at 1101 Cortelyou Road, Brooklyn, New York, to the plaintiff mortgagees as security for a $110,000 debt. The mortgage was guaranteed by the individual defendants Herbert and Lenore Kallen, and it contained the following paragraph with respect to insurance: "2. That the Mortgagor will keep the buildings on the premises insured for the benefit of the Mortgagee against loss by fire and for such other hazards as may be required by the Mortgagee in such companies and in such amounts as shall be required by the Mortgagee, and shall deposit such policies with the Mortgagee." In accordance with this provision the corporate defendant procured an indemnity policy with the Commerce and Industry Insurance Company. The policy does not appear in the record but, according to an affidavit submitted by the plaintiffs' counsel, it names the plaintiffs as insureds as their interest may appear. The policy contained the provision required by subdivision 6 (now subd 5) of section 168 of the Insurance Law, which provides: "If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of

payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery." The corporate defendant paid the premiums on the policy until on or about August 16, 1974 when it instructed the insurance carrier to cancel the policy. It was canceled, but notice of the cancellation was never given to the plaintiff mortgagees. On January 12, 1976 a fire damaged the mortgaged premises. The insurance carrier paid the plaintiffs $24,500 for the damage and, in return, received an assignment of the mortgage to the extent of that payment. To date, the mortgaged premises have not been repaired. On June 1, 1976 the corporate defendant defaulted on the monthly mortgage payment. At that time the full amount owing on the mortgage was in excess of $60,000, and this amount still has not been paid. The plaintiffs subsequently instituted this foreclosure action. The corporate defendant conceded that it owed money to the plaintiffs but alleged as an affirmative defense that the insurance proceeds of $24,500, which the plaintiffs had received from the carrier, should be applied to reduce the principal of the mortgage. The plaintiffs' subsequent motion for summary judgment was granted, but Special Term also directed that the insurance proceeds were to be applied to reduce the principal of the mortgage. It is this latter direction from which the plaintiffs appeal. When an insurance policy is issued to the owner and the mortgagee "as their interests may appear" and does not contain a subrogation clause, the policy is considered security for the debt and the rule is that a payment to the mortgagee under such a policy is a payment *pro tanto* of the mortgage debt *(Fields v Western Millers Mut. Fire Ins. Co.,* 290 NY 209). But when the policy contains a subrogation clause, the clause "give[s] the mortgagees the same benefit as if they had taken out a separate policy" and "is a benefit from mortgagee to insurer, in consideration of the added protection afforded to the former by the clause" *(Fields, supra,* p 215). Thus, in cases where insurance proceeds paid to the mortgagee have not been applied to reduce the principal of the mortgage, the insurance policies have contained subrogation clauses (see *Foster v Van Reed,* 70 NY 19; *Connelly v Usko Holding Corp.,* 141 Misc 837). In the case at bar the mortgage provides that the owner will keep the mortgaged premises insured against fire "for the benefit of the Mortgagee". The policy which the corporate defendant procured names the plaintiffs as their interest may appear and contains the standard subrogation clause. These factors compel the conclusion that the subrogation clause should be enforced because it is consideration for the separate insurance benefit conferred upon the mortgagees. Enforcement of the subrogation clause precludes application of the insurance proceeds paid to the mortgagees to reduce the principal of the mortgage. The fact that the insurer is not a party to the instant action does not prevent this court from considering the validity and effect of the subrogation clause. The rights of the parties and the resolution of the issue before us turn on the presence of the clause, and any benefit to the insurer is incidental. Subdivision 4 of section 254 of the Real Property Law does not apply to the situation in this case. The pertinent portions of that subdivision mandate application of the insurance proceeds to reduce the mortgage debt where the owner has repaired the damaged premises and seeks recovery of the proceeds to the extent of the cost or value of repairs, but has defaulted on the mortgage. In the instant case, the premises have not been repaired and the statute is thus inapplicable. Moreover, it does not appear that the effect of a subrogation clause on the disposition of the insurance proceeds was contemplated when the statute was amended in 1965 (see NY Legis Ann, 1965, pp 358-361). Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.