**Elwood C. GIBERSON and Marjorie H. Giberson, Appellants,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WATERLOO,**
Iowa, Appellee.

No. 67448.

Supreme Court of Iowa.

Jan. 19, 1983.

Lorna L. Williams, Des Moines, for appellants.

George D. Keith of Martin, Miller, Keith & Pedersen, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiffs Elwood C. and Marjorie H. Giberson own residential property in Cedar Falls subject to a mortgage to defendant First Federal Savings and Loan Association of Waterloo, Iowa. The property was damaged by fire, and the insurer issued a check payable to plaintiffs and defendant jointly. Plaintiffs initiated the present declaratory judgment action in equity seeking to establish their right to use the money to repair the property. By counterclaim defendant asserted its right to use the money in payment of the loan on the premises. Plain-

tiffs filed a motion for summary judgment on the petition and the counterclaim, alleging the mortgage and insurance contract gave them a right as a matter of law to use the money to repair the premises. The trial court overruled their motion, and we granted interlocutory review of the court's ruling. We affirm the trial court.

The record shows the premises were mortgaged to defendant by plaintiffs' predecessors in title in 1974 to secure a promissory note in the principal amount of $30,800, with annual interest of 8¾ percent, and payable in monthly installments of $242.32 for thirty years. Plaintiffs assumed the mortgage when they purchased the property in 1976. The mortgage contained the following provision relating to fire insurance:

The mortgagors will carry insurance for fire, windstorm, hail and comprehensive coverage on all buildings and improvements now or hereafter erected upon said real estate in an amount not less than the unpaid portion of the indebtedness secured by this mortgage in a company or companies and by policies approved by the Association and will deliver such policies to the Association and will pay all premiums thereon, such policies to have attached thereto mortgage clauses providing in the event of loss thereunder that the payment shall be made to the Association up to the amount of its loan. When authorized by the Association, the money so received may be used for the purpose of rebuilding and repairing the damaged premises. If the mortgagors fail to deliver to the Association such policies 15 days prior to expiration of previous policies or to pay therefor, the Association may pay such insurance and the cost thereof shall be due it from the mortgagors and shall be secured by the lien of this mortgage.

Pursuant to this provision, plaintiffs purchased a standard fire insurance policy from the Iowa Kemper Insurance Company. The policy provided that, subject to its mortgage clause, "loss shall be payable to: First Federal Savings & Loan—Waterloo, Iowa." Among other provisions the mort-

gage clause recited: "Loss, if any, under this policy, shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear under all present or future mortgages upon the property herein described...."

The premises were damaged by fire on February 28, 1981. The fire loss was adjusted at $37,936.67, well below the $61,000 coverage provided in the policy. The insurer issued its check for the loss to plaintiffs and defendant jointly. On the date of loss, the unpaid principal balance secured by the mortgage was $28,903.36. Defendant refused to endorse the check unless plaintiffs would apply the proceeds to pay off the mortgage debt in full. Plaintiffs declined to do so, alleging they were not in default and had a right to use the money to repair the fire damage.

Plaintiffs subsequently repaired the premises and then commenced the present declaratory judgment action. They alleged that if the mortgage was construed to allow defendant to require the mortgage debt to be fully paid they would be required to refinance the home with a loan bearing interest at 15.5 percent per annum, resulting in increased interest cost over the payment period of $37,657.45. They asserted that defendant's interpretation of the mortgage was unwarranted, "unconscionable, inequitable and unreasonable." Following the adverse ruling on their motion for summary judgment, they obtained permission to appeal.

Principles governing review of rulings on summary judgment motions are discussed in many cases and will not be repeated here. See, e.g., Millwright v. Romer, 322 N.W.2d 30, 31 (Iowa 1981).

General principles relating to the rights of mortgagees and mortgagors to insurance proceeds are well established:

> The rule is that a mere mortgagee has no interest in an insurance policy issued to the mortgagor upon the mortgaged property unless such interest be created by some agreement between mortgagor and mortgagee in relation thereto. In the absence of such an agreement the insurance contract is strictly personal between the insurer and its patron. As a rule, however, the mortgagee has an equitable lien on proceeds of a fire insurance policy procured by the mortgager pursuant to an agreement to insure for the mortgagee's benefit, although the policy is not made payable to the mortgagee.

*Winneshiek Mutual Insurance Association v. Roach,* 257 Iowa 354, 362–63, 132 N.W.2d 436, 441 (1965).

■ In the present case, the mortgage contains an agreement between the mortgagee and mortgagor concerning insurance. Moreover, the insurance policy provides that its proceeds are to be paid to the mortgagee as its interest may appear. Thus defendant has an interest in the policy, and the nature of the interest is defined in the mortgage. The extent of that interest is determined as of the date of loss. *See Kintzel v. Wheatland Mutual Insurance Association,* 203 N.W.2d 799, 803, 810 (Iowa 1973).

In one case, where a real estate contract was not in default at the time of a fire loss, this court held that the vendor's interest could be sufficiently protected if insurance proceeds were placed with a trustee vested with authority to use them to rebuild the damaged house. *See Hatch v. Commerce Insurance Co.,* 216 Iowa 860, 249 N.W. 164, *opinion on rehearing,* 249 N.W. 824 (1933). In that case, however, the contract contained no language defining the rights of the parties to the proceeds, and the result was based on equitable grounds.

In contrast, the mortgage in the present case does address disposition of fire insurance proceeds. Therefore this provision governs the rights of the parties. Plaintiffs were entitled to summary judgment on the petition only if the record shows as a matter of law this provision gave them the right to use the insurance proceeds to repair the house. They were entitled to summary judgment on the counterclaim only if the record shows as a matter of law the provision did not give defendant the right to apply the proceeds to the mortgage debt.

The mortgage specifically provides: "When authorized by the Association, the money so received may be used for the purpose of rebuilding and repairing the damaged premises." This provision plainly gives defendant the power to decide whether the insurance proceeds covering its interest can be used for restoration of the premises. In arguing that this provision is nevertheless unenforceable, plaintiffs assert it is oppressive, unconscionable and contrary to public policy. They also refer in their argument to the doctrine of unjust enrichment.

The summary judgment record does not establish the applicability of any of these concepts as a matter of law. For a discussion of the doctrines of unjust enrichment and unconscionability, see *Smith v. Harrison*, 325 N.W.2d 92, 94 (Iowa 1982). The public policy concept is discussed in *Martin v. Peoples Mutual Savings & Loan Association*, 319 N.W.2d 220, 230–31 (Iowa 1982). In contending the provision is oppressive, plaintiffs make an equitable argument. They cannot defeat the provision, however, merely by asserting they made a covenant that puts them at a serious disadvantage. Equity comes into play only if the covenant is invalid; it is not a ground for establishing invalidity. *See Smith v. Harrison*, 325 N.W.2d at 94.

We hold that the trial court did not err in denying plaintiffs' motion for summary judgment on their petition. They did not establish their right as a matter of law to apply the mortgagee's share of the insurance proceeds to repair the premises without the mortgagee's consent.

We also hold that the court was correct in overruling the motion for summary judgment on the counterclaim. The mortgage required the insurance proceeds "up to the amount of its loan" to be paid to defendant. This amount was $28,903.36 on the date of the loss, substantially less than the $37,936.67 insurance proceeds. One may argue from the summary judgment record that the provision gives defendant the right asserted in its counterclaim. The

clause separately purports to give defendant the option to permit the mortgagee's share of the proceeds to be used for repair. This implies a right to decide they not be used for repair. If the proceeds are not used for repair, it is possible to argue either that defendant must retain them as security for payment of the unmatured debt or that defendant has the right to apply them to pay off the debt, even though it is not matured. Against the argument that the fund is to be held as security is the fact the amount equals unpaid principal; it does not represent the cumulative total of unmatured installments of principal and interest. Moreover, because plaintiffs lose the use of the proceeds whether the sum is used to pay the mortgage debt or is merely held by defendant as security for its payment, it can be argued the provision reasonably must have been intended to give the mortgagee the right to apply the proceeds to the unmatured debt. We do not decide what the provision means. In the present posture of the case, it would be premature to do so. As to the counterclaim, we merely decide that the trial court was correct in holding plaintiffs did not establish as a matter of law that the mortgage does not give defendant a right to apply its share of the proceeds on the unmatured debt.

In the absence of agreement to the contrary, the holding in *Hatch v. Commerce Insurance Co.* supports a conclusion that a fire loss does not automatically accelerate a mortgage debt to make it due in full. This conclusion is also supported by decisions in other jurisdictions. *See Crone v. Johnson*, 240 Ark. 1029, 403 S.W.2d 738 (1966); *Lee v. Murphy*, 253 Cal.App.2d 205, 61 Cal.Rptr. 174 (1967); *Hadjis v. Anderson*, 260 Md. 30, 271 A.2d 350 (1970); *Thorp v. Croto*, 79 Vt. 390, 65 A. 562 (1907).

When an agreement so provides, however, the mortgagee has a right to apply the proceeds to reduce or pay the debt, even when the mortgage is not in default. *Whitley v. Irwin*, 250 Ark. 543, 465 S.W.2d 906 (1971); *Atlantic & Gulf Properties, Inc. v. Palmer*, 109 So.2d 768 (Fla.Dist.Ct.App. 1959); *Zidell v. John Hancock Mutual Life*

Insurance Co., 539 S.W.2d 162 (Tex.Civ.App. 1976). The same right may be assured by statute. *See Terraqua Corp. v. Emigrant Industrial Savings Bank,* 190 Misc. 474, 75 N.Y.S.2d 453 (1947), *aff'd,* 273 A.D. 254, 76 N.Y.S.2d 610, *app. denied,* 273 A.D. 885, 78 N.Y.S.2d 378 (1948).

In the present case the parties have a right pursuant to general contract principles to attempt to show the meaning of the pertinent agreement in the mortgage. The summary judgment record is insufficient to foreclose defendant as a matter of law from urging its version of the agreement.

We have considered but not discussed all of the arguments and authorities relied on by plaintiffs. We have found either that the arguments are not supported by the authorities or that the authorities are inapposite to the present record in this case.

The trial court did not err in overruling plaintiffs' motion for summary judgment.

AFFIRMED.