**In re SPG OF SCHENECTADY, INC., Debtor.**

**William M. McCARTHY, trustee of the Bankrupt Estate of SPG of Schenectady, Inc.,**

**v.**

**Edward W. COLLINS and Pamela Murray, as Trustees for the benefit of the stockholders of Col–Mur Enterprises, Inc., formerly the Crossroads Restaurant at Latham, Inc., J.T.I. Restaurants, Ltd., now known as Iaia's Crossroads Restaurant, Ltd., Key Bank, N.A., National Casualty Co. (by its officers or agent authorized by appointment or law to receive process), and United National Insurance Company, (by its officers or agent authorized by appointment or law to receive process), Defendants.**

**Bankruptcy No. 84–11262.
Adv. No. 85–1151.**

**United States Bankruptcy Court, N.D. New York.**

**Jan. 8, 1986.**

Ihor B. Evanick, McCarthy & Evanick, Albany, N.Y., for trustee William M. McCarthy.

Nicholas J. Criscione, Albany, N.Y., for IAIA.

Stephen A. Pechenik, Bohl, Clayton, Komar & Della Rocca, P.C., Albany, N.Y., for United.

Joseph Ball, Pattison, Sampson, Ginsberg and Griffin, P.C., Troy, N.Y., for Col–Mur.

Peter A. Pastore, R. Steven Aceti, McNamee, Lochner, Titus & Williams, P.C., Albany, N.Y., for National.

Mark L. Heller, Nolan & Heller, Albany, N.Y., for Key Bank, N.A.

## MEMORANDUM–DECISION AND ORDER

JUSTIN J. MAHONEY, Bankruptcy Judge.

This adversary proceeding was filed by the trustee seeking declaratory relief that the defendant insurance companies, National Casualty Co. ("National") and United National Insurance Company ("United") honor the fire loss claims of their respective insureds, defendants Edward W. Collins and Pamela Murray, as Trustees for the benefit of the Stockholders of CoMur Enterprises, Inc. ("Col–Mur") and J.T.I. Restaurants, Ltd., now known as IAIA's Crossroads Restaurant, Ltd. ("IAIA"), each of which held liens against the debtor's real property.

Just prior to and since the filing of this action the full amounts of the two separate fire insurance policies have been paid, United paying $167,995 to IAIA on August 1, 1985 and National paying $250,000 to Col–Mur on or about November 13. It is the trustee's position that to the extent of the payments made by the insurance companies, the mortgage liens against the property have been correspondingly reduced. IAIA which holds a third mortgage against the property has aligned itself with the trustee and asserted a cross-claim against Col–Mur and National seeking a declaration that the $250,000 paid to Col–Mur be applied to reduce the principal amount of Col–Mur's second mortgage lien.

The issue is presently before the Court upon National's motion to dismiss IAIA's cross-claim. National asserts that upon payment of the $250,000 to its insured, Col–Mur, it became subrogated to the mortgage lien position of its insured to the extent of its payment.

The trustee, with permission of the Court, has proceeded to sell the property for the sum of $325,000, with liens to attach to proceeds. Resolution of the present dispute shall determine who should participate in the $325,000 sale proceeds after payment of the costs of sale, Key Bank's undisputed first mortgage in the approximate amount of $15,000 and the remaining balance of about $95,000 owed to Col–Mur under a Judgment of Foreclosure entered on March 1, 1985.

The essential facts are not disputed. The debtor which owned and operated a bar and restaurant in Latham filed a petition under chapter 11 on October 4, 1984. On November 29, the debtor's fire insurance policy covering the premises naming both Col–Mur and IAIA as mortgagees expired. Col–Mur and IAIA immediately obtained their own fire insurance.

Col–Mur procured a fire insurance policy from National for a six month period commencing December 12, 1984. The policy, which named the insured "Edward W. Collins and Pamela Murray as trustees for the benefit of the former stockholders of Col–Mur Enterprises, Inc.," provided the mortgagees with fire loss coverage in the amount of $250,000. Thereafter, on December 26, 1984, after the policy had been bound but before it was issued, a fire occurred on the subject premises. On January 2, 1985, National issued a standard fire insurance policy in conformance with section 3404 of the New York Insurance Law to which was appended an endorsement entitled "Single Interest Special Conditions."

The endorsement did not have the prior approval of the Department of Insurance and this court finds it to be of no force and effect. Discussion shall focus solely upon the terms of the standard form insurance policy issued to Col–Mur upon which National is relying in support of its present motion.

The policy contained the following standard provision:

> ... If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, ...; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage. (lines 78–83)

National urges that having paid out $250,000 to Col–Mur, the foregoing language permits it to be subrogated to the lien position of its insured to the extent of the payment.

IAIA advances essentially four major arguments against subrogation. IAIA first contends that Col–Mur obtained the insurance under a standard clause contained in its mortgage document which essentially required the mortgagor to maintain insurance on the property but in the event the mortgagor failed to do so, permitted Col–Mur as mortgagee to obtain insurance and charge back the cost of the premiums. Notwithstanding the right of Col–Mur to charge the debtor with the cost of the insurance under the mortgage document and the taxing of the insurance premiums as part of the costs incorporated into Col–Mur's judgment of foreclosure, the only named insured on the insurance policy was Col–Mur. National's contract of insurance with Col–Mur is not affected by

the later action of Col–Mur in charging back the insurance premiums to the mortgagor as part of the costs of the foreclosure proceeding. This Court finds that Col–Mur obtained the policy for its sole benefit and was not acting on behalf of the debtor in procuring the policy. Despite the language of the mortgage contract, Col–Mur was under no legal obligation to obtain insurance for the benefit of the mortgagor.

 IAIA next contends that § 254(4) of the New York Real Property Law requires reduction of the mortgage debt by the amount of the insurance proceeds paid by National to Col–Mur. The statute relied upon requires application of insurance proceeds to reduce a mortgage debt only when an owner has made repairs to a property and seeks recovery of the proceeds to cover the cost or value of the repairs made. The statute is inapplicable to the facts before the Court. See *Dollar Federal Savings and Loan Association, et al. v. Herbert Kallen, Inc.*, 66 A.D.2d 793, 794, 410 N.Y. S.2d 1004 (NY 2d Dept.1978).

This Court rejects IAIA's equitable argument that National comes to this Court with unclean hands and should be denied enforcement of the policy terms or that the insurance policy issued to National should be reformed to reflect the parties' alleged intention to obtain a fire insurance policy naming the debtor with a standard loss payable mortgagee clause without a right of subrogation in favor of the insurance company. There is no basis to support either claim.

The rule in New York is that when a policy is issued to an owner and the mortgagee and the policy contains no subrogation clause, a payment to a mortgagee is a payment pro tanto of the mortgage debt. *Fields v. Western Millers Mutual Fire Insurance Co.*, 290 N.Y. 209, 213, 48 N.E.2d 489 (1943). This is not the case at bar.

The standard fire insurance policy of the State of New York, which was the contract of insurance entered into between Col–Mur and National, contains a recog-

nized subrogation clause which must be given effect. *Id.* Furthermore, when a policy is issued to a mortgagee, procured by him and so written as to cover his interest only, then the owner can claim no rights under it and the insurer is subrogated as against the owner-mortgagor. *Fields*, 213–214, 48 N.E.2d 489.

This Court finds that National is subrogated to the lien position of Col–Mur to the extent of $250,000. National's motion to dismiss IAIA's cross-claim is granted.

The relief sought by the trustee in the underlying adversary complaint is hereby rendered moot.

It is so ORDERED.