**In re Kathleen M. DENARIO, Debtor.**

**No. 00–60070.**

United States Bankruptcy Court,
N.D. New York.

Jan. 4, 2001.

Lynn Harper Wilson, Syracuse, New York, for Chapter 13 Trustee.

Richard B. Spinney, Stamford, New York, for debtor.

Barry R. Carus, P.C., Anneris M. Pena, of counsel, Syosset, New York, for Vanderbilt Mortgage & Finance.

---

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Presently before the Court is a motion filed on behalf of Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") on April 11, 2000, seeking relief from the automatic stay pursuant to § 362(d) of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"), to allow it to continue foreclosure proceedings in state court on real property known as 65 Main Street, Stamford, New York (the "Premises").[1] Opposition to the motion was filed by Kathleen Mary Denario ("Debtor") on April 21, 2000.

The motion was heard at the Court's regular motion term in Binghamton, New York, on May 9, 2000, and adjourned to June 13, 2000 and then to July 11, 2000, on consent of the parties.[2] On July 11, 2000, the Court heard oral argument on the motion and requested that the parties provide the Court with memoranda of law on the issue of Debtor's proposed use of fire insurance proceeds ("Proceeds") to cure the arrears on Vanderbilt's mortgage ("Mortgage").[3] Following the filing of the memoranda of law, the motion was again scheduled to be heard on August 15, 2000, and was finally adjourned on consent of the parties to September 12, 2000, when the matter was submitted for decision.

In the interim, the initial hearing on confirmation of the Debtor's plan was held on March 14, 2000, in Binghamton, New York. In response to certain objections to the Debtor's plan, the Debtor filed a modified plan ("Modified Plan") on March 27, 2000. The confirmation hearing on the Modified Plan was scheduled for April 11, 2000, and adjourned by consent of the parties to May 9, 2000. Objections to the Modified Plan were filed by the chapter 13 trustee, Mark Swimelar, Esq. ("Trustee"), as well as by a judgment creditor and by Vanderbilt. Subsequent hearings and adjournments of the confirmation hearing coincided with the hearings on Vanderbilt's motion for stay relief because of the Debtor's proposed use of the Proceeds to cure the arrears on the Mortgage and its impact on plan feasibility. Accordingly, the

---

1. According to an affidavit submitted by Debtor's attorney, Richard B. Spinney, Esq., sworn to on August 11, 2000, and filed with the Court on August 14, 2000, the building located at the Premises consists of seven apartments, one of which is occupied by the Debtor and her three children.

2. Pursuant to Code § 362(e), the Court finds that the 30 day period set forth therein has been waived by virtue of the consensual adjournments of the motion.

3. Debtor alleges that a fire occurred at the Premises on March 14, 1999. See Statement of Debtor, sworn to April 19, 2000, at ¶ 3(d).

Court also reserved decision on confirmation of the Debtor's Modified Plan, pending a determination of whether the Proceeds were available to the Debtor to pay the prepetition arrears on the Mortgage.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of these contested matters pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(A), (G), (L) and (O).

## FACTS

The Debtor filed a voluntary petition ("Petition") and a proposed plan under chapter 13 of the Code on January 6, 2000. Vanderbilt is listed as a creditor holding a secured claim of $70,000. *See* Schedule D, attached to the Petition. On November 26, 1996, a Mortgage Note in the amount of $63,000 was executed by the Debtor and Raymond J. Gilliam ("Mr. Gilliam") [4], in favor of Thomas E. Leo, Jr. ("Leo"). *See* Exhibit "A" of Vanderbilt's motion. Also on November 26, 1996, a Mortgage on the Premises was executed by Mr. Gilliam, securing the loan of $63,000. *See* Exhibit "B" of Vanderbilt's motion. The Mortgage was subsequently assigned by Leo to Private Mortgage Investment Services, Inc. ("PMIS") on or about July 28, 1997. *See* Exhibit "C" of Vanderbilt's motion. PMIS assigned the Mortgage to Vanderbilt on or about September 22, 1997. *See id.*

According to the proof of claim filed on behalf of Vanderbilt on April 3, 2000, Vanderbilt asserts a secured claim of $79,481.16. The proof of claim identifies $19,040.91 in prepetition arrears, along with $7,537.13 in advances for insurance and taxes, as well as charges for late fees and attorneys' fees, for a total arrearage claim of $35,477.34. According to Vander-

bilt, the Debtor defaulted on the Mortgage on or about May 26, 1998, and a foreclosure proceeding was commenced on October 27, 1998, in New York State Supreme Court, County of Delaware.

The Debtor's Modified Plan proposes to apply the $27,157.58 in Proceeds to both the pre- and postpetition arrears owed to Vanderbilt up to and including the payment due March 26, 2000. In her Modified Plan, the Debtor indicated her intent to commence making regular payments on the Mortgage as they became due beginning April 26, 2000. While Vanderbilt alleged in its motion seeking relief from the automatic stay that the Debtor had demonstrated an inability to pay the postpetition arrears, at the hearing on September 12, 2000, the Trustee confirmed that the Debtor started making payments in April under the terms of the Modified Plan. Debtor's counsel stated that he was prepared to pay the Trustee for September and also presented a check in the amount of $906.71 to Vanderbilt's attorney, representing the August mortgage payment. It appears that the Debtor was also current in her postpetition payments to Vanderbilt between April and August 2000, although apparently no payments had been made between January and March pending this Court's decision on her ability to use the Proceeds to fund her plan.

## ARGUMENTS

Debtor's counsel argues that the Court has the power to authorize the Debtor to use the Proceeds to bring the Mortgage current. It is the Debtor's position that use of the Proceeds constitutes a modification of Vanderbilt's rights as a holder of a secured claim, which is permitted pursuant to Code § 1322(b)(2) where only a portion

---

**4.** According to the Debtor's statement, sworn to on April 19, 2000, in opposition to certain claims in the case, Mr. Gilliam died in December 1997.

of the Premises constitutes the Debtor's principal residence.

Vanderbilt contends that under New York Real Property Law ("NYRPL") § 254(4), a defaulting mortgagor, such as the Debtor, is not entitled to the proceeds of an insurance policy unless they exceed the amount required to fully satisfy Vanderbilt's Mortgage. Otherwise, they are to be applied to the principal balance due on the note and mortgage. Thus, it is Vanderbilt's position that the Proceeds may not be applied to pay the arrears on the Mortgage and, in fact, are insufficient to pay the arrears.

## DISCUSSION

■■■ Property interests are created and defined by state law. *** [T]he federal bankruptcy court should take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued.

*Butner v. United States,* 440 U.S. 48, 55–56, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

Paragraph 5 of the Mortgage requires the Debtor to keep the building on the Premises insured against loss by fire. It also states that "[t]he policies shall contain the standard New York Mortgage clause in the name of Mortgagee." NYRPL § 254(4), relating to the construction of covenants in mortgages, provides that "when a mortgagor is required to keep the buildings insured for the benefit of the mortgagee, the money received by the mortgagee in payment of a fire loss on the mortgaged premises may be retained and applied against the principal of the mortgage or he may pay the payment over to the mortgagor for repairs." *Terraqua Corp. v. Emigrant Industrial Sav. Bank,* 190 Misc. 474, 475, 75 N.Y.S.2d 453, 455

(N.Y.Sup.Ct.1947), *aff'd* 273 A.D. 254, 76 N.Y.S.2d 610 (N.Y.App.Div.1948). However, the statute further mandates that in the event that the entire principal of the mortgage became payable by reason of default prior to the fire loss, "the mortgagee shall apply said insurance money in satisfaction or reduction of the principal of the mortgage...." NYRPL § 254(4); *Builders Affiliates, Inc. v. North River Insur. Co.,* 91 A.D.2d 360, 365, 459 N.Y.S.2d 41 (N.Y.App.Div.1983); *see also Dollar Federal Sav. and Loan Ass'n v. Herbert Kallen, Inc.,* 66 A.D.2d 793, 794, 410 N.Y.S.2d 1004, 1006 (N.Y.App.Div. 1978) (stating that "[t]he pertinent portions of the subdivision mandate application of the insurance proceeds to reduce the mortgage debt where the owner has repaired the damaged premises and seeks recovery of the proceeds to the extent of the cost or value of repairs, but has defaulted on the mortgage.").

■■■ In this case, the Debtor is not seeking direct reimbursement for the repairs made on the Premises. Instead, she seeks to use the Proceeds to pay the arrears on the Mortgage. However, " 'the owner of an insurance policy cannot obtain greater rights to the proceeds of that policy ... by merely filing a bankruptcy petition.' " *Thomas v. Universal American Mortgage,* 1998 WL 57523 (E.D.Pa.1998) (citations omitted), *aff'd sub nom. In re Thomas,* 182 F.3d 904 (3d Cir.1999). The Debtor acknowledges her prepetition default and the fact that a foreclosure proceeding had been commenced against her prior to the fire and prior to her having filed her bankruptcy petition. According to her Petition, the principal balance owing on the Mortgage was approximately $70,000. The Proceeds, according to the Debtor, total $27,157.58. Under New York law, the Proceeds *shall* be applied to reduce the principal balance on the Mort-

gage. Because the Proceeds are insufficient to pay off the principal balance on the Mortgage, there is no surplus in which Debtor would have an interest. The fact that the Debtor incurred expenses in repairing the fire damage to the Premises does not automatically entitle her to some or all of the Proceeds. Even if there had been no default prior to the fire, the option to apply the funds to the Mortgage or to repair the Premises belongs only to Vanderbilt according to the expressed language of NYRPL § 254(4). None of the Proceeds are available to the Debtor to reduce the amount of arrears on the debt to Vanderbilt as proposed in her Modified Plan. Therefore, the Modified Plan proposed by the Debtor is unfeasible and cannot be confirmed.

■ According to Vanderbilt's motion seeking relief from the automatic stay pursuant to Code § 362(d)(1), the Debtor had not made any postpetition payments since filing her Petition on January 6, 2000. At the hearing on September 12, 2000, the Trustee confirmed that the Debtor started making payments in April under the terms of the plan. Debtor's counsel stated that he was prepared to pay the Trustee for September and also presented a check in the amount of $906.71 to Vanderbilt's attorney, representing the August mortgage payment. It appears that the Debtor was also current in her postpetition payments to Vanderbilt between April and August 2000, although apparently no payments had been made between January and March pending this Court's decision on her ability to use the Proceeds to fund her plan. The Court is not aware of the Debtor's payment history since the hearing in September 2000, but on the basis of the information available to it at that time, the Court does not believe Vanderbilt has established sufficient cause pursuant to Code § 362(d)(1) to lift the automatic stay. The

Court concludes that Vanderbilt's motion seeking relief from the automatic stay should be denied without prejudice, and the Debtor should be given a final opportunity to address the prepetition arrears, as well as arrears accruing postpetition through March 2000 by filing a confirmable chapter 13 plan.

Based on the foregoing, it is hereby

ORDERED that Vanderbilt's motion seeking relief from the automatic stay, filed April 11, 2000, is denied without prejudice; it is further

ORDERED that confirmation of the Debtor's Modified Plan, as filed March 27, 2000, is denied; and it is finally

ORDERED that the Debtor file and serve an amended chapter 13 plan consistent with this Decision and notice it for a confirmation hearing to be held within 45 days of the date of this Order or this chapter 13 case shall be dismissed pursuant to Code § 1307(c)(1).